## THE ATTORNEY-GENERAL, EX REL. WASHINGTON E. L. SPERRY, v. JOHN W. BARBER.

Argued June 4, 1908—Decided November 9, 1908.

The term of office of the deputy receiver of taxes of the city of Trenton is a term fixed by law, and is coterminous with the term of the receiver, whose deputy he is.

---

On demurrer to plea.

Before Justices GARRISON, SWAYZE and PARKER.

For the relator, *Frank S. Katzenbach, Jr.,* and *Erwin Marshall.*

For the defendant, *W. Holt Apgar.*

The opinion of the court was delivered by

SWAYZE, J.  The defendant, Barber, was appointed deputy receiver of taxes by Frederick Gilkyson, who was elected receiver of taxes of Trenton, and held office for the term beginning January 1st, 1904, and extending to January 1st, 1906, and re-elected for the term from January 1st, 1906, to January 1st, 1908.  Barber took the oath of office as deputy receiver January 1st, 1904, and gave a bond to the city for the faithful performance of his duties.  On January 1st, 1906, he gave a new bond and entered upon the discharge of the duties of his office for a second term of two years.  At the election in November, 1907, Berrien was chosen receiver of taxes to succeed Gilkyson, and Gilkyson's term expired on the 1st day of January, 1908.  Berrien thereupon appointed three deputy receivers, two of whom were confirmed by the common council as required by the city charter; the third was not confirmed. The plea avers that the defendant is a veteran of the Civil war, and claims the benefit of the act of 1907 (*Pamph. L., p. 37*), protecting those officers whose term is not fixed by law.  To this plea there is a demurrer.  The question presented is whether Barber held an office whose term was not fixed by law. The claim of the relator is that the term of Barber expired at the same time as the term of Gilkyson, the receiver, whose deputy he was.  The defendant claims the contrary.

The appointment was made under the provisions of the city charter, which authorized the receiver of taxes to appoint, with the consent of the common council, one or more deputies, who should have power to do all or every act or acts which it should be lawful for the said receiver of taxes to do.  The term of the receiver of taxes is fixed by the charter at two years.

We think the relator is correct in his contention, and are led to this conclusion by the fact that the only acts which the defendant can do are acts which it would be lawful for the receiver of taxes, who appointed him, to do. When the act uses the language "the *said* receiver of taxes," it points to the former part of the section, and evidently refers to the receiver of taxes, to whom is given the power to appoint. Such also is the ordinary signification of the word "deputy." It naturally connotes one who acts for the man whose deputy he is. The fact that the power to appoint is conditioned upon the consent of the common council, and that the deputy is required to give such security as the common council shall direct, is not sufficient to overcome the provision which vests the power of appointment in the receiver of taxes, and defines the powers of the deputies. We cannot doubt that even after the consent of the common council had been obtained the receiver might still refuse to make the actual appointment. We do not think that the appointment is complete at the instant the common council consents. *Marbury* v. *Madison,* 1 *Cranch* 137. Nor is the fact that the common council is authorized to direct what security shall be given by the deputy receiver of taxes conclusive; that bond is properly required for the protection of the city; the money is to be handled by the deputy receiver, but it by no means follows that because the common council directs what security shall be given the receiver of taxes ceases to be responsible for his deputy's acts.

We think, therefore, that the term of Mr. Barber was fixed by law, and expired at the same time with the term of Mr. Gilkyson.

The relator is entitled to judgment upon the demurrer.