EDGAR T. ANDREWS *vs.* FRANCES B. DOUGHERTY.

Third Judicial District, New Haven, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The rules of the road are not to be applied to cattle driven upon a highway so as to require that they be driven only upon the right side of the highway, but the driver is required only to exercise reasonable care in such driving.

The driver must therefore exercise reasonable care to keep the cattle upon the right side of the highway, or if they get on the wrong side, or he suffers them to travel on this side, he must use more care and keep a better lookout for approaching vehicles, in order to avoid collisions between such vehicles and the cattle, than would be required of him if the cattle were on the right side of the highway. Under the circumstances only such care is reasonable care.

In the present case, which was a suit for damages for injuries to the plaintiff's cows, it appeared that the plaintiff sent two boys, each

Andrews *v.* Dougherty.

about fifteen years old, to drive a herd of twelve cattle along a much-traveled highway; that when they were driving the cattle before them up a hill, at the top of which was a sharp curve to the right cutting off their view of the highway, an automobile came from the opposite direction around the curve and, because the cattle blocked the traveled way, stopped on the right side of the way; and that thereafter the operator of the defendant's car drove around the curve, and turning to the left to avoid the standing automobile, struck and injured three of the cows. The parties were at issue as to the negligence of the operator of the defendant's car and as to the contributory negligence of the boys. On the latter issue the trial court refused to charge the jury that if the boys were driving the cows on the wrong side of the road that was *prima facie* evidence of negligence, but charged that the question was whether the boys exercised reasonable care, and that the real test was whether they acted as reasonable and prudent men would have done under similar circumstances. In an appeal by the defendant from the judgment entered on a verdict for the plaintiff, it was *held* that the court applied the correct principles of law, and while it might well have added an instruction to the effect that under the circumstances of the driving of cattle in large numbers upon a much-traveled highway at a point where there was a sharp curve ordinary and reasonable care would mean great care, yet in view of the whole charge as given there was no reversible error.

The defendant offered evidence to prove that the operator of her car had never driven over the road before, but had ridden over it in a car two or three times. *Held* that a charge to the jury stating a standard of duty for the operator in view of his familarity with the curve, while erroneous if referring to previous knowledge as assuming a fact not admitted, was harmless in view of his knowl-. edge of the curve acquired on this occasion according to the defendant's own claim when four hundred feet away from it.

Our rule is that where a plaintiff's negligence materially or essentially contributes to his injuries he cannot recover; but a defendant, who has requested a charge that a plaintiff whose negligence has in any degree contributed to the injury cannot recover, is in no position to complain if the court complies with his request.

The test of the plaintiff's contributory negligence was the conduct of the boys at the time of the accident, and not their age, experience, or competency or incompetency for their task.

Argued January 26th—decided February 21st, 1921.

ACTION to recover damages for negligently driving an automobile into and upon several of the plaintiff's

cows upon the highway and injuring them, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $235, and appeal by the defendant. *No error.*

*Charles W. Murphy,* for the appellant (defendant).

*Martin J. Cunningham,* for the appellee (plaintiff).

WHEELER, C. J. The assignments of error in the appeal which are pursued by the defendant in brief and argument are for the refusal to charge in accordance with defendant's requests and in the charge as made in three particulars.

The plaintiff offered evidence to prove: that he sent two boys, each about fifteen years old and experienced and competent for such work, to drive a herd of twelve cattle along the main thoroughfare leading from Danbury to Newtown. Upon this highway is a steep grade known as Lake's Hill, at the top of which the road turns sharply to the right and prevents the view of those ascending the hill for several hundred feet. As the boys were behind the cows and driving them up the hill, an automobile came from the opposite direction around the curve and, because the cows blocked the traveled way, it stopped on its right side of the highway before reaching the cows. The boys began driving the cows to their right side of the highway to enable the automobile to pass, and while they were so engaged and the automobile remained where it had stopped, the defendant's servant, Signor, drove his car upon this highway and around the curve at a high rate of speed and without sounding his horn. When Signor discovered the highway was blocked he put on his brakes, but owing to the

high speed at which he was traveling he was unable to control his car so as to avoid either colliding with the standing automobile on his right or the cows on his left, and to avert collision with the standing automobile he turned to his left and struck and injured three of the cows, and proceeded on from the point where he struck the cows some seventy-five paces before his car was stopped.

Signor could have stopped his car before reaching the cows had he been traveling at a reasonable rate of speed. He was familiar with the highway at this point. The boys used reasonable care in driving the cows. It was not necessary that one of the boys should have preceded the cows or given notice of their coming to approaching travelers.

Upon discovering the approach of the first automobile the boys used all reasonable efforts to seasonably turn the cows to the right, so as to give half of the traveled road and an equal opportunity to pass to an approaching automobile. In driving a herd of twelve cows on a public highway, individual members of the herd will deviate to the left of the highway in spite of reasonable care on the part of those driving the cows.

The defendant offered evidence to prove: that on approaching the curve Signor saw the other automobile pass out of sight around the curve and reduced his speed from twenty-two to eighteen or twenty miles an hour, sounded his horn, and had his car under control. As Signor turned the curve he saw the car standing on the right, and he at once turned to the left to avoid endangering the occupants of the car, and did all he could to avert a collision with the cows, but they were between the standing car and the fence upon his left, and although he did all that he reasonably could to avoid injuring the cows he could not avoid injuring some of them. Had the cows been

only on one side of the highway Signor could have passed them without danger, unless they ran across his path, and at the same speed he was going when he first saw them. Signor had never driven over that road before, but had ridden over it in an automobile two or three times.

The boys were not noticing for an approaching automobile; they were incompetent and inexperienced as to the rules of the road, and did not do anything to give an approaching traveler notice, as reasonable care required. The plaintiff had never instructed the boys as to their duty in a case like the one in question, nor instructed them to warn approaching travelers, and the boys did not think this necessary.

The contest centered around the conduct of the parties at about the time of the accident: whether or not the defendant's servant, as he approached the curve, had his car under control or was operating it at an unreasonable speed, and whether he gave notice of his approach by sounding his horn; and whether or not the employees of plaintiff, the boys in charge of the cows, used reasonable care in driving the cows and in keeping them on their right side of the road, and whether one of them ought to have gone ahead of the cows to warn approaching automobilists.

The defendant complains of the refusal to instruct the jury as follows: "If the jury believe that the boy or boys in control of the cattle were not competent persons, or that a man or more than one man or some older person should have been in charge of so large a number of cattle upon such a thickly traveled or dangerous highway they have the right to assume that the plaintiff did not exercise ordinary care in turning so many cattle upon the highway without a competent person in charge or more than one person in charge of them, then the verdict should be for the

defendant even if defendant also was guilty of some negligence."

This makes the incompetency of the boys the test of the negligence of the plaintiff instead of the conduct of the boys at the time of the accident. The trial court instructed the jury with accuracy and clearness upon this point: "Whether they [the boys] were competent or incompetent, the plaintiff would not be liable for contributory negligence in the absence of some negligent act or omission on their part. If there was such act or omission contributing to these injuries the plaintiff would be liable, however competent they might be. The plaintiff's liability must rest on some negligent conduct on their part and not on their want of qualification alone." *Carlson* v. *Connecticut Co.*, 94 Conn. 131, 108 Atl. 531; *Gannon* v. *Sisk*, 95 Conn. 639, 112 Atl. 697.

The defendant also requested the court to charge as follows: "If the jury believe . . . that a man or more than one man or some older person should have been in charge of so large a number of cattle upon such a thickly traveled or dangerous highway they have the right to assume that the plaintiff did not exercise ordinary care in turning so many cattle upon the highway without . . . more than one person in charge of them, then the verdict should be for the defendant even if defendant also was guilty of some negligence."

The court refused so to charge, and properly, since the request made the age or experience of the employee the test of negligence instead of his conduct or acts out of which the negligence of the plaintiff is claimed to have arisen.

Another request to charge was that the question of the plaintiff's negligence is to be determined, in every case, not by ascertaining whether it caused, but

whether it contributed to, the injury, and if it did in any degree the plaintiff cannot recover.

The court charged that if the jury found the boys were guilty of negligence contributing to the injury and the defendant was negligent, the verdict should be for the defendant. This was a compliance with the request of the defendant. It does not accord with our law, but the defendant is in no position to complain of this. Our rule is that if the plaintiff materially or essentially contributes to his injury he cannot recover. *Coogan* v. *Aeolian Co.*, 87 Conn. 149, 156, 87 Atl. 563; *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 223, 76 Atl. 523; *Beers* v. *Housatonic R. Co.*, 19 Conn. 566, 572.

The defendant also assigns as error the refusal of the court to charge that if these boys were driving the cows upon the wrong side of the road that is prima facie evidence of negligence on their part but may be explained and justified. This request was based upon §§ 309 and 310 of Shearman & Redfield on Negligence (3d Ed.). The rule as there stated refers to a person riding on a horse, or in a vehicle, or driving or leading a horse. It is not applicable to cattle.

The trial court noted this difference, and tersely stated the correct rule: "While the so-called rules of the road, such as keeping to the right, etc., apply also to drivers of cattle, yet the practical application of these rules would be quite different as regards the drivers of cattle from that of an automobile driver. Everyone knows that one who is engaged in driving a herd of twelve cattle would have much greater difficulty in keeping them all on the right side of the road than the driver of an automobile, or even the driver of a single cow would have."

One who is driving cattle upon a traveled highway must use reasonable care to keep the cattle upon the

right side of the highway; and if they get upon the wrong side of the road, or the driver suffers them to travel upon this side, he is bound to use more care and keep a better lookout for approaching vehicles than would be required of him if the cattle were upon the right side, either by notice, or other means, in order to avoid collision between the cattle and the approaching vehicle. Only such care under the circumstances would be reasonable care.

The defendant also requested the court to instruct the jury as follows: "The care required must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from neglect. The greater the risk or danger the greater must be the care. What is ordinary care in case of extraordinary danger would be extraordinary care in case of ordinary danger and a person engaging in an act which the circumstances indicate may be dangerous must take all the care which prudence would suggest to avoid injury."

The court correctly instructed the jury that ordinary care for the plaintiff meant that degree of care that an ordinarily prudent and reasonable person would use under similar circumstances; and that the plaintiff had the right to use this highway for the purpose of driving cattle thereon provided he exercised reasonable care. "The real test," said the court, "is whether these boys acted as reasonable and prudent men would have done under similar circumstances, whether it was necessary for one of them to be ahead, whether they handled these cows properly, are all questions of fact for you to determine."

All this was correct as far as it went and well adapted to the comprehension of the jury. The jury might well have been, in this connection, given the substance of defendant's request, since the driving of cattle in

large numbers upon a much-traveled public highway
at a point where there was a sharp curve made it
necessary that those driving the cows should use greater
care than when driving the cows upon a straight road.
Ordinary care under these circumstances meant great
care. But we do not think the failure to give this
particular request, under the circumstances of this
case, was reversible error, in view of the charge as
given.

Another portion of the charge complained of is:
"Upon approaching an intersecting highway, a curve
or a corner of a highway, or a schoolhouse, provided
signs on the highway, legible for a distance of one
hundred feet, indicates such highway, curve, corner
or schoolhouse, any person operating a motor-vehicle
until reduce its speed and give a timely signal when
reasonable care would require it. While it has not
appeared in evidence, that I now recall, that there
were signs at this point indicating this curve, yet
in view of Signor's familiarity with it,—it is all that
the signs are designed to provide for,—the require-
ments above set forth would no doubt apply in his
case."

The complaint is that the court assumes as a fact
that Signor was familiar with the highway when this
was a controverted fact in the case, and because of
that familiarity, regardless of whether there were
signs there, the court tells the jury it was Signor's
duty to reduce his speed and give timely warning of
his approach. The question of Signor's familiarity
with the curve was upon the claims made a contro-
verted question of fact. One might ride over this
highway even more often than Signor had and never
have noticed the curve.

The photograph in evidence of this location makes
it a reasonable inference that a driver of an auto-

mobile keeping a reasonable lookout ought to have seen this curve. And the defendant herself, in her statement of what she had proved, states that Signor saw the other automobile disappear around the curve when four hundred feet from the curve, and, as he came near the curve, he sounded his horn and reduced his speed. The accident occurred in the daytime. The court instructed the jury, immediately following the portion excepted to: "It therefore became his duty as he approached this curve at the top of this steep hill to sound his horn, slacken his speed, and have his car under proper control."

This instruction correctly defined Signor's duty upon his admitted knowledge of the curve at the time of the accident. If the court meant by "Signor' familiarity" with the curve that obtained by previous use of the road instead of knowledge of the curve acquired at the time of the accident, it was erroneous, in that it assumed a fact in controversy as one determined. But though the court did so intend, we think the error must be regarded as harmless. The duty arose when Signor knew, and he knew of the curve when he was four hundred feet from it; and his knowledge must have continued until he had rounded the curve. The important thing for the jury to know was, what was his duty as he approached the curve, and whether the trial court directed the jury's attention to the wrong foundation of fact for the existence of the duty is immaterial, so long as the question of duty was properly presented.

There is no error.

In this opinion the other judges concurred.