MARY E. SEABRIDGE *vs.* SYLVESTER Z. POLI.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

In an action for negligence, one is conclusively presumed to know that which he would have known had he made ordinary use of his senses; or, stated somewhat differently, full, adequate and available means of knowledge are, under ordinary circumstances, the equivalent of actual knowledge; and a litigant's conduct is to be determined in view of this principle—one which evidently was not applied by the jury in the present case.

The proprietor of a theater who maintains a toilet-room for the use of his patrons, is under an obligation to them to use reasonable care to keep his premises reasonably safe in every particular; but a corresponding duty rests upon his patrons to make ordinary use of their own eyes to avoid personal injury by tripping and falling over an object in the room—in this case a weighing-machine placed against the wall—which is perfectly visible and easily avoidable; and as the plaintiff's injury was clearly due, in part at least if not entirely, to her own inexcusable inattention and carelessness, the verdict in her favor was against the evidence and should have been set aside.

Concurrent negligence of each party operating as an efficient or proximate cause of the plaintiff's injury will preclude his recovery.

A view of the premises by the jury in a negligence case does not necessarily put them in possession of any material information not contained in the printed record.

Argued October 25th—decided December 11th, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff for $2,000, and appeal by the defendant. *Error and new trial ordered.*

The complaint set forth, and the answer denied, that a toilet-room maintained by the defendant contained weighing-scales which stood in a dangerous position and "constituted a source of danger to persons . . .

passing to and from said room," and was negligently
maintained in a dangerous location; that the plaintiff,
while leaving this room, "was compelled . . . to pass
by" these scales, and while so doing, without knowledge
of the unsafe conditions, and without negligence on
her part, she tripped over the scales and was thereby
thrown to the floor with great force; and that her
consequent injuries were caused solely by the defend-
ant's negligence in keeping the premises in the careless
manner specified.

On the trial it was proved, without dispute, that the
defendant maintained and conducted a variety theater
in the city of Bridgeport; that for the use of female
patrons he furnished a toilet-room connected with
the theater, which was entered through a door on the
main floor; that a large majority of the female patrons,
either on entering or on leaving the theater, went into
this room; that it was nineteen feet ten inches long,
and along one of its walls were four toilet-closets or
cabinets, and along its opposite wall various articles
intended for the convenience of patrons; that among
them was a weighing-machine, five feet six inches in
height, the top of the base of which was seven and three
quarter inches above the floor and seventeen inches
wide, and extended twenty-five and one half inches
from the wall into the room; that the space for pass-
way between the outside edge of this base and the door
of the opposite and nearest toilet-closet when it was
closed, was three feet and six inches, and when this
door was open and hanging at right angles with the
front line of the closet, the space was fourteen inches;
and that the position and location of the scales, cabinets
and other articles in the toilet-room had remained the
same for some months before the day of the accident
to the plaintiff.

It was admitted, also, that among other articles

which were located in the toilet-room during the same time, was a wash-basin fixed on the same wall against which the weighing-machine was standing and two feet and seven inches from it, and so much farther from the entrance door of the room. The distance from that door to the weighing-machine was eleven feet and six inches. The wash-basin projected into the room about twenty inches. On the same wall, between the wash-basin and the scales, was a roller-towel rack, between which and the scales was a space of about six inches. The doors of the cabinets or closets faced this wall and the articles mentioned. When the door of any closet was opened outward, it was so set on its hinges that it was not stopped when it was at right angles with the front line of the closets, but could easily be swung around in a half-circle against the door of the adjacent closet, thus leaving a space for passway between the closets and the weighing-machine which was three feet and six inches wide at the narrowest place. Through this passway a person who wished to use or had used the wash-basin, whether she was going directly from or to the entrance door or from or to the door of a closet, would pass by the weighing-scales. In any case, there was no obstruction to prevent such a person from seeing the scales and the other objects in the room.

Before any evidence was offered, the court permitted the jury to view the conditions in the toilet-room, which it was agreed were then the same as at the time of the accident.

*William B. Ely,* with whom, on the brief, was *Edmund Zacher,* for the appellant (defendant).

*Samuel Reich,* for the appellee (plaintiff).

BURPEE, J. The plaintiff, by the defendant's in-

vitation, was lawfully in the toilet-room provided by him for the use of the patrons of his theater, and while she was there the defendant owed her the duty to use reasonable care to have and to keep the premises reasonably safe in every particular. *Turgeon* v. *Connecticut Co.*, 84 Conn. 538, 541, 80 Atl. 714; *Godfrey* v. *Connecticut Co.*, 98 Conn. 63, 118 Atl. 446. In her complaint the plaintiff alleged that the defendant failed to perform this duty to her because he negligently permitted a weighing-machine to stand in the toilet-room in such a position that it was dangerous to persons entering or leaving the room who were not aware of its position. It is not set forth, and it was not claimed, that the position of the machine was dangerous to persons who knew of its location. On the contrary, she asserts that she tripped over the scales while she was leaving the room and passing the scales "without knowing of the dangerous and unsafe condition." Moreover, it is manifest from the evidence produced, that it could not reasonably be found that the position of the machine was dangerous to any person who knew where it stood and the consequent conditions in the room. Therefore the verdict for the plaintiff can be sustained only upon a conclusion from the evidence that the plaintiff did not in fact know particularly of the condition caused by the position of the weighing-machine which the defendant permitted to stand in the room, and also that she would not have known of it if she had used her own senses with ordinary care. In the first place, if she did know of these circumstances, she had failed to prove an allegation in her complaint which was essential to her claim for redress. Upon this subject, the plaintiff testified that she had never before noticed the weighing-machine. Whatever doubts other parts of her testimony and the other evidence may raise concerning the accuracy of her state-

ment, it was the right of the jury to give it full credit in deciding this particular question, and we would not assume to interfere with their decision.

But if we admit that she did not have such knowledge in fact, it remained to determine, further, whether she would have had it if she had exercised reasonable care; for it is a familiar principle of law that a person is conclusively presumed to know what he would have known if he had made ordinary use of his senses. Full and adequate means of knowledge which are or have been available are, under ordinary circumstances, the equivalent of knowledge. *Clark* v. *Post*, 35 Conn. 339, 342. The plaintiff's right to recover depended upon the character not only of the conduct of the defendant but of her own. It was essential that her conduct, as she alleged in her complaint, must have been "free from contributory negligence"; that is, that she acted with the care required by law. "We have frequently held that the character of one's conduct in respect to care is to be determined in view of what he should have known as well as of what he did in fact know." *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 123, 84 Atl. 301, 524. It was the plaintiff's duty to be watchful of her surroundings and of the way in which she was going, and to exercise ordinary care both to avoid dangers known to her and to discover dangers or conditions of danger to which she might become exposed. *Radwick* v. *Goldstein*, 90 Conn. 701, 710, 98 Atl. 583.

We think the plaintiff's means of knowledge were full and adequate. She testified that she had been in the toilet-room once or twice during the two or three months before her accident, had used one of the closets, had seen and used the wash-basin, had seen the towel-rack, but had not taken particular notice of the other objects in the room, although there was nothing to prevent her from seeing any of them; that on the day

of the accident, when she entered the room, there was
no obstruction to her view anywhere; that she went
to a closet farther from the door than the weighing-
scales were, and which she could approach only by
passing them, came out of the closet and went close
by the scales to the wash-bowl which was within three
feet of them, and stood there to wash and dry her
hands; that she then stepped sideways to the towel-
rack on her right, which was within six inches of the
scales, and stood there putting on her gloves. During
this time her back was turned toward the closets, so
that she was looking toward these objects nearby on
the wall. She further testified that her next movement
was turning again to her right, "around directly facing
the door to go out," or to allow her sister to pass by
her to the wash-bowl. This movement placed her facing
the scales and still about six inches from them; and
she said that, when she thus turned, there was nothing
to prevent her from seeing the scales. Then, she testi-
fied, she "started to go ahead," "walked straight
along," and struck her foot against the base of the scales
and fell over them upon the floor.

The plaintiff's sister, who was the only other person
in the toilet-room, testified that she saw the plaintiff
standing nearer to the scales than to the wash-bowl
and towel-rack, putting on her gloves and facing the
wall on which these objects were located; and that she
then spoke to the plaintiff, who turned around to face
her, "apparently made a step or two forward," and
fell.

The weighing-machine was a large object, its upright
frame standing out from the wall of the room and ex-
tending upward from the floor five or six feet, and its
base filling a space on the floor seventeen inches wide
and twenty-five inches long, and nearly eight inches
high. In its position it was in plain sight of any person

standing or moving from place to place in the room. When the doors of the closets were shut, there was sufficient space in which to pass by this machine safely; and when any of the doors was open to its full extent, it would be an obstacle merely temporary and easily removable. Or a person in haste or unwilling to take the slight trouble of pushing the door aside, might pass the scales by stepping upon its base with no considerable inconvenience and in perfect safety. It is difficult to understand how it could be found that the position of this machine, in these surroundings and in this situation, was dangerous to any person using ordinary care. It is true that the court permitted the jury to view the premises; but it does not appear that their inspection put them in possession of any material information not contained in the evidence printed in the record.

We cannot escape the conclusion, however, that if the plaintiff did not in fact know of the condition in the room occasioned by the position of this machine, she would have known of it if she had used her senses in a reasonable way, and that her accident was due to her own inattention and carelessness as to her surroundings. It seems that there was only one person besides the plaintiff in the room at the time of the accident, and no hindrance nor occasion for hurry or excitement, nor anything to divert her attention from her surroundings and her way. To determine whether she was negligent, she must be held to have been required to act upon what she should have known as well as upon what she knew. *Snow* v. *Coe Brass Mfg. Co.*, 80 Conn. 63, 70, 66 Atl. 881. The evidence shows that the jury did not hold her to this requirement. They must have concluded that her failure to act upon what she should have known was not such negligence as would deprive her of the right to redress.

In this, we think, they mistook the law and misinterpreted the consequences of her conduct. *Clark* v. *Torrington*, 79 Conn. 42, 44, 63 Atl. 657; *Ware* v. *Evangelical B. B. & M. Soc.*, 181 Mass. 285, 286, 63 N. E. 885. A plaintiff who has been negligent may recover only when his negligence did not contribute materially to produce the resulting accident. Even concurrent negligence of each party, if it be so related to the resulting injury as to be regarded an efficient or proximate cause of it, will preclude a recovery by the plaintiff. *Radwick* v. *Goldstein*, 90 Conn. 701, 98 Atl. 583. The failure of a person injured to act upon what he knew, or in the exercise of due care should have known, of a danger to which he is exposed, when there is nothing to prevent or excuse him from doing so, is negligence, as a matter of law, which will prevent his recovery. In any action for negligence, the duty or degree of care required of the respective parties is a question of law which is reviewable by this court on appeal. *Snow* v. *Coe Brass Mfg. Co.*, 80 Conn. 63, 66 Atl. 881.

This plaintiff was obliged to take up and carry the burden of proving not only the alleged negligence of the defendant, but also her own due care, either by direct evidence or by proving "facts and circumstances" which "fairly and reasonably support and justify the inference of negligence on the one hand and of due care on the other; for a jury is never at liberty to guess or surmise the existence of either." *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 71 Atl. 64. But it appears in the undisputed evidence that if the position of the weighing-machine was in fact dangerous, the plaintiff failed to make use of her own senses to escape the danger which she would have known if she had used due care, and which by such use she might have avoided; and for her failure, no reason-

able excuse appears.   Her conduct, therefore, was negligence as a matter of law.   *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 71 Atl. 64. And there can be no doubt that it contributed materially to the resulting accident.   Therefore the verdict of the jury in her favor had no foundation upon evidence which legally supported and justified it, and the court should have set it aside.   Moreover, the admitted facts and circumstances would, we think, support and justify the conclusion that the plaintiff's own want of due care was at least concurrent negligence, so related to the consequent injury as to be an efficient and proximate cause.

The conclusion we have reached renders it unnecessary to consider the assignments of error relating to the exclusion of evidence which the defendant offered to prove, that a witness employed by him had never known of another accident in the toilet-room during the preceding year of his employment.

There is error and a new trial is ordered.

In this opinion the other judges concurred.