### MIKE ENDUT vs. STANLEY BORODENKO.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS and JOHN RUFUS BOOTH, Js.

Argued January 15th—decided March 2d, 1929.

*J. Moss Ives,* for the appellant (defendant).

*Nathan G. Sachs,* with whom, on the brief, was *Eli H. Millner,* for the appellee (plaintiff).

JOHN RUFUS BOOTH, J. The appellant (defendant) has made no effort to correct the finding but seeks to have reviewed the conclusions which the trial court drew from the subordinate facts found.

The question presented by the appeal is whether the conclusions of the trial court, either specifically set forth in the finding or necessarily involved in the judgment rendered and forming its essential basis, can legally or logically be drawn from the subordinate facts.

In his amended complaint, which contains two counts, the plaintiff alleged, in substance, that on or about October 5th, 1926, he and the defendant formed a partnership for the purpose of conducting a restaurant and cafeteria at 24 White Street, in Danbury, Connecticut, under the trade name of the New York Cafeteria; that the agreement under which the partnership was formed was oral, by the terms of which the plaintiff was to contribute the use of $1,000 as capital; that the plaintiff and defendant were to co-operate in the care and labor of the business; that the plaintiff was to receive half the net profits, and upon the dissolution of the partnership he was to receive a repayment of the capital which he contributed, plus one half the net profits; that pursuant to this agreement the plaintiff and defendant, since October 5th, 1926, conducted and operated this business as copartners, and that by virtue of this agreement the plaintiff contributed $800 in money and rendered services of the agreed value of $360; that the plaintiff and defendant own a large and

valuable stock of goods and a valuable good will; that the defendant excluded, evicted and ejected the plaintiff from the business and is in possession and control of all the partnership property; that there are unsettled copartnership claims and demands which require attention; that the firm property, in possession of the defendant, is liable to dissipation, injury and waste; that the defendant wholly neglects to attend to the business of settling the firm's affairs, and that he has refused to pay the plaintiff the amount of his contribution to the business and his share of the profits. The plaintiff also alleged that he has expended moneys for attorney's and accountant's fees in this action, and claimed, by way of relief, a dissolution of the partnership, the appointment of a receiver to liquidate all partnership assets, to pay all partnership debts and the costs incident to this action, after which to divide the net proceeds between the parties, according to their respective rights; also reasonable sums for attorney's and accountant's fees, $1,000 damages, and such other relief as law and equity doth require.

The defendant in his answer to the amended complaint in effect denied all the allegations thereof and affirmatively alleged that on October 11th, 1926, the plaintiff agreed to purchase a one-half undivided interest in the restaurant then owned and operated solely by the defendant, and to pay therefor the sum of $1,500 within one week; that upon the payment of $1,500 by the plaintiff the parties were to then enter into a copartnership agreement, to be reduced to writing, whereby they would each share the profits and losses of the business equally; that the plaintiff failed and neglected to pay the $1,500 as agreed, although repeated demands were made upon him so to do by the defendant, and has only paid on account of the purchase price the sum of $165.18; that the parties at no

time entered into any agreement of copartnership, and on or about December 1st, 1926, the defendant notified the plaintiff that owing to the plaintiff's failure to pay the $1,500 agreed upon, the defendant would not enter into the partnership agreement, but offered to repay the plaintiff the amount he had advanced on account. In addition to his answer the defendant filed a counterclaim, setting up a claimed breach of contract, based upon the alleged failure of the plaintiff to complete his alleged agreement to purchase a one-half interest in the defendant's alleged business.

The plaintiff denied all of the affirmative allegations of the defendant's answer and all of the allegations of the counterclaim.

The complaint is substantially in accord with Form 239 of the Practice Book, p. 425, which is the form judicially adopted as being peculiarly adaptable to the winding up of partnership affairs, and while paragraph three of the second count bears some resemblance to an action in assumpsit for services rendered, the allegation that the services were rendered "in the conduct of said partnership business" obviously indicates, in view of the evident nature of the action as a whole, that the sole purpose of this paragraph was to lay the foundation for a claim that these services represented a part of plaintiff's interest in the alleged partnership property. He had alleged that the agreement under which the copartnership was formed, obligated him to contribute to the partnership business the use of $1,000, and as he had also alleged that his contribution in money in fact amounted to only $800, he must necessarily have intended to meet this difference by his claim for services, else his complaint on its face would have disclosed a vital defect in his alleged status.

According to the pleadings, the plaintiff's cause of action was based upon the alleged existence of an exe-

cuted copartnership agreement, and the decisive question presented to the court under the issues of the complaint, was whether the alleged copartnership agreement was executed as claimed by the plaintiff, or executory, as claimed by the defendant. In its finding the court has resolved this question in favor of the defendant, for after setting forth in paragraph five the details of the partnership arrangement between the parties, it has specifically found that "this arrangement was never in fact carried out," and in paragraph twenty-one it is found that "no partnership arrangement was so far consummated between the parties as to constitute it a partnership." These facts appear again in the conclusions of the finding, where the court also states that "the agreement was only an executory one and was never carried into effect."

In its judgment, however, the court found the issues of the complaint for the plaintiff; that the plaintiff is entitled to recover from the defendant $472.17 by way of damages, under the complaint, and that the partnership between the plaintiff and defendant should be dissolved.

Therefore, by its judgment, the court has found that a copartnership existed between the parties, while in the finding of facts and in the conclusions thereof, the exact contrary is found.

The same situation exists in relation to the counterclaim, the issues of which were whether the executory agreement set forth was or was not entered into by the parties, whether or not this agreement was breached by the plaintiff, and whether the defendant suffered damages as a result of such breach. By the substance of its finding the court established the existence of such a contract and its breach by the plaintiff, notwithstanding which it has in its judgment found the issues of the counterclaim for the plaintiff.

The situation thus presented is that the conclusions involved in and which form the essential basis of the judgment rendered, cannot legally or logically be drawn from the finding as made, which finding only supports a judgment for the defendant upon the issues of both the complaint and counterclaim. This is error, for an erroneous conclusion drawn from the subordinate facts is an error of law. *Hayden* v. *Allen,* 55 Conn. 280, 289, 11 Atl. 31; *Neff* v. *Neff,* 96 Conn. 273, 275, 114 Atl. 126; *Eaton* v. *Standard Oil Co.,* 100 Conn. 443, 446, 124 Atl. 21; *Hartford* v. *Connecticut Co.,* 107 Conn. 312, 332, 140 Atl. 734; *Davis* v. *Margolis,* 107 Conn. 417, 420, 140 Atl. 823.

Also, if the only conclusion legally deducible from the facts found calls for a judgment for the defendant, a judgment for the plaintiff is erroneous as a matter of law. *Graham* v. *Southington Bank & Trust Co.,* 99 Conn. 494, 511, 121 Atl. 812.

As to the damages suffered by the defendant, there is no basis in the finding for their accurate determination, and upon this issue there must be a new trial.

The judgment rendered is erroneous and is therefore reversed and the case is remanded to the Superior Court, with directions to enter judgment for the defendant upon the issues of the complaint, and after due hearing had upon the single issue of damages, to enter judgment for the defendant upon the issues of the counterclaim for such damages as are established by the proof.

In this opinion the other judges concurred.