**No. 3643**

**Second Circuit**

**(Second Division)**

---

**COOK v. TOOKE**

---

(July 16, 1931. Opinion and Decree.)

---

T. H. McEachern, of Homer, attorney for plaintiff, appellant.

McClendon & Seals, of Homer, attorneys for defendant, appellee.

STEPHENS, J. The plaintiff alleges that on the night of October 30, 1927, while driving his automobile west on the Homer-Lisbon Highway in Claiborne parish, he struck some cows and damaged his automobile; that the cows were the property of the defendant, who negligently permitted them to run at large on the highway in violation of the police jury ordinance of Claiborne parish. He further alleges that he was exercising due care in driving at the time of the accident, but that an automobile being driven in the opposite direction caused a heavy dust to rise which prevented his seeing the cows until it was too late to avoid the accident. He prays for judgment against the defendant in the sum of $150 for the damages sustained.

The defendant answered admitting the ownership of the cows, but denying that they were running at large on the highway, and averring that they were under his control and custody; and that the accident was caused by the high rate of speed at which plaintiff was traveling without keeping a proper lookout ahead. The defendant reconvened for $45, which amount represents the value of two cows which were killed by being struck by plaintiff's automobile.

A trial resulted in a judgment rejecting plaintiff's demands and dismissing the reconventional demand as of non-suit.

The plaintiff appeals.

The facts as disclosed by the record are as follows:

The cows of the defendant had gotten out of his pasture and into his cornfield. He had driven them out of the cornfield into the highway, and was driving them west along the highway toward his barn when two of them were struck and killed by plaintiff's automobile, moving in the same direction.

The plaintiff was not traveling at an excessive rate of speed under normal conditions of vision at night, but immediately before the accident a heavy blinding cloud of dust was raised by an automobile going in the opposite direction.

In the ordinance referred to, certain animals, including cows, are prohibited from running at large within the limits of Claiborne parish. A penalty is provided against the owner of the animals for each willful violation of the ordinance.

There is not the slightest suggestion in the record that the defendant had willfully permitted the cows to run at large, therefore, he could not be convicted of having violated the ordinance. But assuming that the ordinance would be violated by one negligently permitting cows to run at large on the highway, it would avail the plaintiff nothing here, for the reason that the evidence is satisfying that the cows were in the custody and control of defendant to such an extent that they could not be considered to be running at large in the meaning of the ordinance. The defendant had the legal right to use the highway for the purpose, and we find no negligence in the manner in which he exercised that right.

As the defendant was free from negligence, the case is disposed of; but we will add that we think the proximate cause of the accident was the failure of the plaintiff to reduce the speed of his automobile in that proportion to his lowered vision which would be consistent with its safe operation.

The judgment appealed from is affirmed.