CHARLES J. FARKAS *v.* HELDIGARDE HALLIWELL ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, JS.

Argued January 4—decided February 28, 1950.

*T. Holmes Bracken,* for the appellants (defendants).

*Joseph N. Manfreda,* for the appellee (plaintiff).

BALDWIN, J.   The plaintiff sued to recover for damage to his automobile which resulted when it came into collision with a cow owned by the defendants.   He claimed that the defendants were negligent because they did not have the cow under reasonable and proper control and because the cow was unattended.   The defendants denied any negligence on their part and pleaded and claimed contributory negligence on the part of the plaintiff.   The trial court concluded that the defendants were negligent because they failed to restrain and guide the cow along the road properly

and adequately, or to have any restraining or guiding device upon the cow, and absolved the plaintiff from any contributory negligence.

The finding, with such corrections as we make in it, discloses this situation: On June 15, 1947, about 7:30 p. m., in daylight, the plaintiff was driving his car northerly on route No. 79 in the town of Madison. The highway, which was thirty feet wide with shoulders on each side and a white line painted along the middle, ran north and south and was straight for a considerable distance. The defendants own land on both sides of the roadway, with a dwelling house on the easterly side and a barn on the opposite side but about 1000 feet farther south. They were bringing four cows, including the cow involved in the collision, to the barn from a pasture several hundred feet north of their house and on the east side of the roadway. They had crossed to the westerly shoulder of the roadway and were walking south upon it. A witness, Harrison, and his two sons were traveling in a truck northerly upon the highway, intending to stop at the defendants' house. They saw the defendants and their cows, then about 1000 feet away, cross the roadway and start walking south. The Harrisons met and passed the defendants and their cows a short distance south of the defendants' house. The Harrisons had just brought their truck, which was between five and six feet in width, to a stop on the easterly side of the highway, with its right wheels on the edge of the grass at a point near the front door of the house, when they heard a crash behind them.

The defendants had each been leading two cows along the westerly shoulder. Mrs. Halliwell had been following her husband and the two cows in his charge. She led one cow by a rope around its neck, and the

other, an older cow, heavy with calf, walked slowly along behind, without any rope or halter.

The plaintiff was driving northerly at a speed of thirty to thirty-five miles an hour. As he approached the place where the accident occurred, he had a clear view of the straight roadway ahead for at least 1000 feet. He was driving in the easterly half of the highway until he reached a point about thirty feet south of the Harrison truck, then at a standstill, when he turned out to pass it and struck the cow at a point on the highway about four feet easterly of the westerly line of the traveled portion of the road. He did not reduce his speed up to the moment of impact. He did not see the defendants or their cows, nor did he see the cow with which his car collided until the last moment before the collision. The impact occurred on the westerly, that is to say, the plaintiff's left-hand side of the highway.

It is the plaintiff's claim that the cow suddenly came down a bank off the westerly side of the highway into the path of his car and that bushes and foliage on the side of the road obscured his view. The trial court has not so found, as appears from the facts above stated. It did find that the cow suddenly and without warning ran into the path of the plaintiff's vehicle, but it also found in effect that up to this point Mrs. Halliwell and her cows were walking south along the westerly shoulder and that the plaintiff, without reducing his speed of thirty to thirty-five miles per hour, turned out to pass the parked truck and came over to his left-hand side of the road to within four feet of the westerly shoulder without seeing Mrs. Halliwell or her cow until a moment before the impact.

The question of law is whether or not the finding supports the trial court's conclusions. "A judgment rendered upon facts found will not be reversed or set

aside unless some erroneous rule of law material to the case has been applied, or unless a conclusion has been reached, or an inference drawn, from a fact, many facts, or the facts found, which affects the judgment rendered in material degree and is legally or logically inconsistent with that or those facts, or is so illogical or unsound, or so violative of the plain rules of reason, as to be unwarranted in law." *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823, and cases cited; *Endut* v. *Borodenko,* 109 Conn. 577, 582, 145 A. 27.

We first consider the conduct of the plaintiff himself, as the subordinate facts in the finding describe or bear upon that conduct, to determine as a question of law whether or not they legally support the conclusion that the plaintiff was free from contributory negligence. The General Assembly has established by statute a rule of conduct governing situations such as that confronting the plaintiff here. General Statutes § 2489. This statute requires that a driver in such a situation shall reduce his speed when reasonable care shall require, that he shall overtake and pass another vehicle only subject to the right of way of those traveling in an opposite direction and meeting him at the point where he is to pass the vehicle overtaken, and that he shall give half of the traveled portion of the highway, if practicable, and a fair and equal opportunity to proceed to those coming from the opposite way. The plaintiff failed to meet these requirements. ". . . the duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and one is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person." *Corrievau* v. *Associated Realty Corporation,* 122 Conn. 253, 258, 188 A. 436; *Hizam* v.

*Blackman,* 103 Conn. 547, 551, 131 A. 415; *Geoghegan* v. *Fox & Co.,* 104 Conn. 129, 138, 132 A. 408.

Ordinarily a conclusion of negligence or of freedom from it is a conclusion of fact. It is only when, as sometimes appears, the conduct under investigation is manifestly contrary to that of a reasonably prudent man, or is plainly and palpably like that of such a man, that it may be considered a matter of law. *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 249, 21 A. 675, 22 A. 544. The plaintiff failed to observe what was manifest before his eyes; he approached the cows as they were being led or driven along the highway without reducing his speed, and, notwithstanding the open road twenty-six feet in width before him, turned off from his own side to the left-hand side and struck the cow at a point twelve feet to his left of the center line. He was guilty of contributory negligence as a matter of law. *Seabridge* v. *Poli,* 98 Conn. 297, 301, 119 A. 214; *Boscarello* v. *New York, N. H. & H. R. Co.,* 112 Conn. 279, 285, 152 A. 61; *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186 A. 484; *Carlin* v. *Haas,* 126 Conn. 8, 14, 8 A. 2d 530.

Our statute law requires that neat cattle shall not be permitted at large upon a highway without a keeper. General Statutes § 8535. But there is no law that requires that under the circumstances disclosed here they must be led along the highway confined by a halter. In *Andrews* v. *Dougherty,* 96 Conn. 40, 46, 112 A. 700, the rule is stated that in driving cows along a country highway all that is required is reasonable care. To hold that they must be led by a rope or halter or some other restraining device would be impracticable and would place an unreasonable burden upon the owners or keepers of cattle, of whom there are many in our state. This is especially true in the case before us, wherein the trial court found that the cow involved in

the accident was heavy with calf and was walking slowly and that she "had always been gentle in disposition and had never shown any signs or habits . . . of being hard to control or . . . unmanageable." It is the common experience of one who drives a motor vehicle about rural Connecticut to see cows in large and small numbers being driven across or along our roads. Our highways, with few exceptions, and those specifically provided for by statute, are open to the use of all, including farmers with their cows. Cows are a common sight in the Connecticut countryside, and the difficulty of driving or leading them because of their natural propensity for stopping or turning suddenly and without warning is generally recognized. See *Andrews* v. *Dougherty,* supra; *Lawson* v. *Fordyce,* 234 Iowa 632, 637, 12 N. W. 2d 301; *Cook* v. *Tooke,* 17 La. App. 307, 308, 135 So. 917.

The finding does not legally support the conclusion that the plaintiff was free from negligence that contributed to the damage to his car or that the defendants were negligent.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to enter judgment for the defendants.

In this opinion MALTBIE, C. J., BROWN and DICKENSON, Js., concurred.

JENNINGS, J. (dissenting). I am unable to agree with this opinion.

The trial court concluded that the plaintiff was free from contributory negligence and that the defendants were negligent. It seems to me that it was justified in reaching those conclusions as questions of fact. The following two paragraphs of the finding were supported by the evidence.

"As the plaintiff's vehicle approached the point on

the highway opposite to where the unattended cow was walking, the said cow suddenly and without warning, ran into the path of the plaintiff's vehicle and collided with it.

"As the plaintiff's vehicle approached the point of collision it was necessary for the operator thereof to turn to the left of the center because of the presence of the parked Harrison truck on the right side of the highway."