## HALLER TESTING LABORATORIES, INC. *v.* A. LURIE, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 16-615-404

Argued March 30—decided July 9, 1962

*Lewis Segal,* of Manchester, for the appellant (defendant).

*Stewart J. Stowell,* of East Hartford, for the appellee (plaintiff).

KINMONTH, J.    This action was brought for services performed for the defendant, at its request, in connection with a certain project known as the North Middlesex regional high school job in Townsend, Massachusetts, including field engineering services, qualification of welder, and compression tests on gypsum cubes. The defendant denied the allegations and set up as a special defense and counterclaim that it hired the plaintiff to make certain tests in connection with the pouring of a gypsum roof deck, which tests were erroneously reported owing to the plaintiff's negligence, with the result that the defendant engaged another testing labora-

tory, at added expense, to retest the gypsum cubes, and there was a delay in construction. The trial court found for the plaintiff for the field services and qualification of welder, and for the defendant on the plaintiff's claim for testing and on the counterclaim for the expense of retesting. The defendant has made no effort to correct the court's finding but seeks to have reviewed the conclusions which the court drew from the subordinate facts found.

The question presented by the appeal is whether the conclusions of the trial court, either specifically set forth in the finding or necessarily involved in the judgment rendered and forming its essential basis, can legally or logically be drawn from the subordinate facts. *Endut* v. *Borodenko,* 109 Conn. 577, 578. The conclusions must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655; *Calway* v. *Williamson,* 130 Conn. 575, 581.

The defendant's assignment of error maintains that the court's conclusions are not supported by four paragraphs of the finding, wholly ignoring the other paragraphs of the finding. The main question raised is whether the court erred in finding for the plaintiff for the field engineer's services. It follows from the finding that the plaintiff was engaged to make tests of the gypsum as the roof was poured. The plaintiff's field engineers took samples as the roof was poured on the job. The tests were failures as to the compressive strength, and the defendant had the samples retested by another testing laboratory, which showed that they were up to standard. The plaintiff's low tests were due to calcination of

the samples. There was only a slight delay caused, the cost value of retests being a small amount of the entire work. The services of the welder were conceded by the defendant as a proper charge.

No defense was offered that the value of the field engineering services rendered was destroyed or minimized by the final tests performed on the gypsum cubes or that these services were valueless unless the laboratory tests performed were accurate. It would appear that the amount of recovery was limited to the admitted items and to the services of a field engineer. What these consisted of is not altogether clear because there was no contract in writing setting forth the duties to be performed. It is sufficiently evident however, that these services were not limited to the extraction of test cubes from the roof, as laid, for such retesting, including the extraction of the cubes, cost the defendant only $128, for which the court made due allowance. The situation differs entirely from one where the contractor engages to do a complete job and the work is either left undone or done so negligently as to render the services already performed entirely valueless.

The defendant claims this was an entire contract and not severable. It is not always an easy matter to determine just what contracts are severable and what are not. The authorities agree that in the determination whether a contract shall be treated as severable or as an entirety the intention of the parties will control and that this intention must be determined by a fair construction of the terms and provisions of the contract itself. In order to arrive at a correct construction, due regard must be had to the intention of the contracting parties, as revealed by the language they employed, and to the subject matter to which it has reference. The singleness or apportionability of the consideration appears to be

the principal test. If the consideration is single, the contract is entire, but if the consideration is expressly or by necessary implication apportioned, the contract is severable. *Bridgeport* v. *T. A. Scott Co.*, 94 Conn. 461, 465.

As there was no written contract, it logically follows from the findings that the work performed by the plaintiff was severable, and that the subordinate facts found by the court support its conclusions. The construction which we place upon the finding is fortified by the memorandum of decision, which may be consulted in the interpretation of ambiguous or equivocal language in the finding. *Vitale* v. *Gargiulo*, 144 Conn. 359, 366; Maltbie, Conn. App. Proc. § 152. In its memorandum, the court stated that "there was no evidence that the services of the engineers were not satisfactorily performed." The conclusion of severability is further substantiated by the defendant's conceding that the services of the welder were a proper charge.

The facts set forth in the finding are sufficient to support the judgment.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.