[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has moved to strike paragraph F of the special defense alleging assumption of risk, which the court has granted from the bench. The defense, as pled, conjoins the expression "assume the risk" with factual allegations indicating that he either knew or appreciated or in the exercise of due care should have known or appreciated all the facts and circumstances and conditions alleged in his complaint.
In assessing the plaintiff's comparative or contributory negligence, it was the plaintiff's duty to be watchful of his surroundings and the way he was going and to exercise ordinary care, both to avoid dangers known to him, and to discover dangers and conditions of danger to which he might become exposed. Seabridge v. Polly, 98 Conn. 297, 301. Assumption of risk is not a defense to an action for negligence. See General Statutes § 52-572h(1). The use of the phrase "assumption of risk" would serve only to confuse and obfuscate. Specifications which relate to the plaintiff's own contributory or comparative negligence are one thing, but use of the phrase "assumption of risk" when one can no longer assume the risk would serve no sensible purpose. Accordingly, the court granted the motion to strike the first special defense by oral decision from the bench.
The plaintiff has also moved to strike a third special defense in which the defendant J. S. Hosking Nursery seeks to have the John Hancock Company's negligence percentage considered by the jury. The third special defense reads as follows:
 Pursuant to Conn. Gen. Stat. § 52-572h(f), the jury shall determine the percentage of negligence to be attributable to John Hancock Mutual Life Insurance Company, who [sic] is a settled or released party under Conn. Gen. Stat. § 52-572h(n). Any injuries and damages sustained by the plaintiff as alleged in his fourth amended complaint are the result of the negligence and carelessness of John Hancock Mutual Life Insurance Company in that it: a. failed to remove snow and ice from the parking lot; b. failed to place salt, sand or other abrasives over the ice and snow in the parking lot; c. failed to warn the plaintiff of the dangerous conditions of the lot; and d. failed to provide adequate lighting in the parking lot. CT Page 11386
For the purposes of the motion to strike, all facts alleged in a pleading are deemed to be well pleaded, and the court, for the purposes of the motion, must assume them to be true. That is an axiom that goes back to the law of our demurrers, which is equally applicable to the later named motion to strike, which is the modern day equivalent of a demurrer. That rubric requiring the court to assume for the purposes of the motion to strike, the truth of facts pled in one special defense requires the court, in this instance, to accept the fact that John Hancock is a settled or released party. Therefore, although, in fact, the plaintiff claims that it issued no release to John Hancock, that claim does not furnish this court grounds to grant the motion to strike. Evidence is not taken on motions to strike. The plaintiff is making a "speaking demurrer". Recognizing that problem, the plaintiff then indicates that Mr. Saunders was an employee of John Hancock Mutual Life Insurance Company. That fact does not appear, however, in either the plaintiff's complaint or in the defendant's answer or special defenses to it. While it may be true that at the time of the injury, Mr. Saunders was such an employee, for the purposes of a motion to strike, the plaintiff cannot offer evidence to buttress his motion to strike. Again, that is forbidden by the rule against speaking demurrers. For these reasons, the motion to strike must be denied as to the third special defense. It may be that there is some other remedy which will allow the pretrial decision as to these issues to be made by the court. But just as one may not successfully hammer a nail with a saw, one may not introduce evidence by the moving party's declarations in a motion to strike. The remedy is not applicable.
/s/ Flynn, J. FLYNN CT Page 11387