CHARLES S. HOGLE v. ALANSON M. CLARK.

*Lease. Special Verdict. Practice.*

C. leased a farm to L. for three years. During the term, L. was to clear a certain piece of land as fast as possible, and all to be plowed and got into a crop the third year. In consideration whereof, C. agreed to give L. a cow the same spring the lease was given; but the cow was to be held by, and belong to, C., until L. performed said work. *Held,* that by the terms of the lease, L. acquired only a conditional right to said cow, which would not become absolute, till he performed the conditions in the lease upon which his right depended.

Our statutes authorize the taking of a special verdict; and when taken, it is the duty of the court to render the proper judgment upon the facts found thereby.

Although there may have been error in directing a general verdict; yet, if a special verdict be submitted to the jury, and they find thereby facts which, with other undisputed facts in the case, entitle the party to a judgment, the error is cured.

TRESPASS for a cow. Plea, the general issue, and trial by jury, September term, 1872, ROYCE, J., presiding.

The plaintiff's evidence tended to show, and it was not disputed, that the defendant took the cow in question from the plaintiff's possession, and that the plaintiff's sole title to said cow was derived from his purchase thereof from one Hibbard Leonard; and the question was, whether Leonard had such ownership of the cow as against the defendant, as to enable him to pass any interest therein to the plaintiff. The plaintiff's evidence further tended to show, that the said Leonard and Zebulon Leonard leased a farm of the defendant for three years from the first day of April, 1866, and went on to the same before the execution of the lease. The defendant offered said lease in evidence, and it was dated April 1st, 1866, and contained the following provisions:

" Said Leonards, during the three years, are to cut the bushes, pull the stumps. and clear the land called the pasture, * * * *

supposed to be sixty acres more or less; the land to be cleared as fast as possible, but all to be plowed and got into a crop the third year, and as much sooner as possible. * * * * The coal job, so called, is also to be cleared and plowed during the present year, and got into a crop—Leonards to do the work, same as in the upper pasture. In consideration of the above work, to be done and performed at the expense of said Leonards wholly, Clark to give them each, this spring, one good two-year-old heifer that is coming in a cow, and they to have half of all crops raised on the new land to be cleared as above described. * * * * To be thoroughly plowed in narrow lands sufficient to let the water run off; the job to be worked at as much as possible this year; the burning of the brush, loose stumps, and timber, to be done this season; the stumps that can't be pulled by a yoke of oxen, to be dug and taken out next season, and plowed, meaning fall of 1867, so there shall be a crop of grain or grass on the whole of it in the summer of 1868. Leonards' half of all crops and increase to be holden by, and belong to, Clark, until all Leonards' obligations and agreements in this contract are fulfilled, together with their two cows, horse, wagon and harness, and any other property they may possess. Clark reserves at all times the right to sell this farm, by giving Leonards notice in the fall of each year, after his crops are secured; in which case, Leonards' time would expire the following 1st of April. Leonards to have no wool or lambs this spring; but each spring hereafter, during the existence of this lease, he is to have one half of lambs." * * *

The defendant assigned said lease to L. D. Clark, on the first day of January, 1867, to whom he had sold the farm, together with all stock therein described. It was not claimed on trial that said Leonard acquired any title to said cow, except such as he acquired by said lease, and by the facts testified to by him. Upon this point he testified in chief as follows:

Me and my brother was cutting bushes; we had been cutting bushes there quite a spell; Mr. Clark came along in the afternoon and says: " You are doing this job nice, and I will give each of you a cow, because you are doing this job in good shape." Says he, " When you go home to-night, tell your woman so." Says he, " Some time when I am up, you will pick out your heifers, and they will be the ones you will have." After my brother went away, I picked out my heifer. Mr. Clark says: " Everybody says I am going to cheat you out of everything you make here." Says he, " I cannot cheat you out of this cow I am going to give

you ; nor no one else." Says he, " Nobody can take it for debts, or anything else " Says he, " I have no claim after now upon the heifer."

On cross-examination he testified that he picked out the heifer after the lease was made, when no one was present, but that said conversation was before the lease was made. He also testified to a subsequent conversation with the defendant, when the defendant asked him how he would swap heifers, and he told him he had sold his to the plaintiff, and the defendant replied, if he had sold her he could not swap very well. There was no other testimony tending to show that said Leonard had title to said cow. It appeared that Leonard sold said cow to the plaintiff some time in March, 1868, a few days before he left said farm, and that on the 15th of January 1867 and 1868, he was indebted to the plaintiff on transactions growing out of the lease, to the amount of two promissory notes put into the case.

The defendant's testimony tended to show that said Leonard had not fulfilled the conditions of said lease, in that only eleven acres had been cleared, up to the time he left the farm, and that the eleven acres were not cleared fit for plowing.

The court charged the jury, among other things, as follows :

" But there is another view of the case which seems more troublesome for the defendant. When he testified, he said the Leonards did not fulfill the lease, in that they only cleared eleven acres, when they were to clear about sixty. There is no proof introduced by Clark of any breach of that contract, except in that particular. It seems to me the proper construction to be put upon that lease is, that the parties were to have three years in which to perform this contract, and that the title to this cow passed to Leonard, in consideration of their promise to perform this work. Now, who is entitled to the possession of the cow for the three years ? Clark is not to know in 1868, but that the work will be done in 1869. He has the full time ; and there is no stipulation or agreement in that contract upon the part of Leonard, that this property is to remain in the possession of Clark ; but that he simply stipulates a lien upon the part of Clark ; so that it seems to me that within a week after Clark had delivered over that heifer, Leonard would have an undoubted right to sell his interest in her ; and the amount of interest would have to be dependent upon whether he performed his contract or not. But I think he

had a right to sell the interest he had in the property. It seems to me that he could transfer his right, and that Clark had no right to that heifer, until there had been a breach of this condition in the contract; and there could be no breach until the expiration of the time in which the party was to fulfill it. Taking this view of the case, it seems to me that the defendant had no right to the possession of this cow at the time he took possession, and there is no dispute about the fact that Hogle was not only in possession of the property, but that he had acquired all the interest that Leonard had in this cow. He bought the cow, it seems, and paid for her, but he had all the right that Leonard had, and Leonard had the right to retain the possession of the property until the time expired within which he was to fulfill this contract. Taking that view of the case, it seems to me that the plaintiff is entitled to recover."

The court then submitted a special verdict to the jury, which they returned, and thereby found the defendant guilty; that the value of Hibbard Leonard's interest in the cow at the time of the taking by the defendant, was $60, the full value of the cow; that there was a gift of the cow to said Leonard, perfected by delivery, as testified to by said Leonard; and that the plaintiff's damages were $76.20. The defendant thereupon filed a motion in arrest of judgment; but the court overruled the same, and rendered judgment on the verdict for the plaintiff. To the charge of the court as above detailed, to the submission of said special verdict to the jury, and to the overruling of said motion in arrest, the defendant excepted.

*J. Rand* and *A. G. Safford*, for the defendant.

The charge of the court was manifestly erroneous. *Bigelow* v. *Huntley*, 8 Vt. 154; *Swift* v. *Moseley*, 10 Vt. 208; *Grant* v. *King & Comstock*, 14 Vt. 367; *Buckmaster* v. *Smith*, 22 Vt. 204; *Davis et al.* v. *Bradley*, 24 Vt. 55; *Armington* v. *Houston*, 38 Vt. 448; *Bucklin* v. *Beals et al.* 38 Vt. 653. Leonard's title to the cow would not become perfect until the conditions of the lease had been performed, or determined by the act of the parties; and, granting that Leonard had at the time of the sale to the plaintiff, fulfilled all the covenants, the contract only gave him the right to possession; the general right of property re-

maiued in defendant until the conditions were performed. The sale determined the condition, and gave the defendant the right, peaceably, to recover possession of the cow wherever he might find her.

The submission of the special verdict was error. The court had already ordered a verdict generally, for the plaintiff, upon the ground that the defendant had not the right to the possession of the cow at the time of the alleged trespass. What, then, was left for the jury to do, but to find the value of the property ? The jury were allowed to find specially, a gift, when the written contract between the parties showed upon what terms and conditions the title was to become absolute. The jury were allowed to find specially, whether the gift between the parties to this lease, became perfected by delivery after the execution of the lease, when the lease put the property in his possession, subject to the conditions ; more than all this, as between the parties to that lease, it was not necessary that actual delivery should have been made. *Bemis* v. *Morrill*, 38 Vt. 153. The verbal transaction testified to by Leonard was merged in the written agreement, and the cow was finally selected in accordance with the terms of the written contract. The jury should not be allowed to find whether a gift was *perfected*. That is a question of law, not of fact. The exceptions find that Leonard's interest in the property grew out of the following covenant: "In consideration of performing the above work, Clark to give them this spring, each a cow ; " and afterwards a lien is expressly reserved on that cow. The parties, it is true, called it a *gift*, and whether it was a gift or sale, was a question of law. This special verdict is every way improper. It permitted the jury to find whether there was a gift of the cow. Was that gift absolute or conditional ? Was it under the contract, or independent of it ? If independent of the contract, it was permitting the jury to find a material fact, when there was no testimony to support it. *Manwell, admx.* v. *Briggs*, 17 Vt. 176 ; *Dean* v. *Dean's Estate*, 43 Vt. 337.

The court erred in directing a verdict for the plaintiff. The defendant testified, and the point was uncontradicted, that at the time Leonard left the farm he had only cleared eleven out of sixty

acres of land, and that none of the land so cleared was fit for plowing, and that Leonard was indebted in a large sum under the lease, and it was not claimed that the conditions were performed.

*E. A. Sowles*, for the plaintiff.

The question is, was Leonard's interest such an one as could be sold to the plaintiff, as against the defendant? Of this there can be no doubt, as appears from the facts in the case. If there was a sale of the premises, notice should have been given Leonard, in accordance with the stipulations of the lease, which was not done in season. If, however, he had notice at a proper time, the language, " Leonard's time would expire the following 1st of April," would only apply to the occcupancy of the farm, and not to the stipulations in the lease in regard to the clearing of the land. He clearly had three years in which to perform that part of the contract in the lease, and there is no evidence that he waived his right to such performance. Hence he did not break the conditions of the lease. In this respect the charge of the court was correct. But, if there was error in this respect, still, the defendant took the cow before the 1st of April, and while Leonard was in possession of the premises. This would constitute the defendant a trespasser. The defendant parted with his title to the cow on the 1st day of January, 1867, by his assignment of the lease, together with all the stock therein described. Consequently, he had no interest in the cow at the time of taking.

It may be claimed that Leonard, in the sale of his interest in the cow, was practically defeating the lien of the defendant, whatever it was. This might be the case, if the defendant had reserved a lien that the cow should remain his property until paid for ; but he did not. The defendant, as matter of law, could not claim the cow under such a lien as he may have acquired under the lease, as against attaching creditors, or *bona fide* purchasers without notice.

The jury returned a special verdict, in which they found the fact of an absolute gift, after the execution of the lease. This alone is decisive of the case.

The opinion of the court was delivered by

WHEELER, J. By the terms of the lease, Leonard acquired only a conditional right to the cow. This conditional right would not become absolute, until performance by him of the conditions in the lease on which his right depended. He does not appear to have performed them at the time he sold the cow to the plaintiff, and probably his sale, if he had had no other title, would not have given the plaintiff any right as against the defendant, to take the cow away from the farm. For this reason, it might be difficult to uphold the charge of the court which led to the general verdict. But our statutes authorize the taking of a special verdict. Gen. Sts. 266, § 35. And when taken, it is the duty of the court to render the proper judgment upon the facts found by it. The case does not show that any exception was taken to the admission of evidence, or to the charge of the court, or to any decision by which the special verdict was arrived at, except that the defendant excepted to the submission of a special verdict to the jury at all ; and in this respect there was no error.

Inasmuch as there may have been error in reaching the general verdict, the correctness of the decision overruling the motion in arrest, is to be determined upon the facts of the case, as settled by the special verdict. The case shows that there was no dispute but that Leonard sold the cow to the plaintiff, nor but that the defendant took the cow out of the possession of the plaintiff. The special verdict settled that the cow was given to Leonard by the defendant, and that the gift was perfected by delivery, and the amount of damages. The facts undisputed and those found, show that the plaintiff had the right to, and the possession of, the cow, and that the defendant took her out of his possession, and the damages ; and these facts entitled the plaintiff to the judgment rendered.

Judgment affirmed.