HARRY MARTIN *vs.* THE STAMFORD GAS & ELECTRIC COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued March 6th—decided April 3d, 1934.

*George Dimenstein,* with whom, on the brief, was *Justus J. Fennell,* for the appellant (plaintiff).

*Adrian W. Maher,* with whom was *Martin E. Gormley,* and, on the brief, *Edward J. Maher,* for the appellee (defendant).

BANKS, J. The plaintiff was injured as the result of a fall into an open manhole, the cover of which had been removed by the servants and agents of the defendant. Upon motion of the defendant, the trial court set aside the verdict of the jury in favor of the plaintiff upon the ground that his injuries were caused by his own negligence, and the only question upon this appeal is whether it was justified in so doing.

There was little substantial dispute as to the material and essential facts involved. Employees of the defendant were engaged in repairing its cables beneath the west sidewalk of Atlantic Street in Stamford and had removed the cover of a manhole through which there was access to the cables. The manhole was about in the center of the sidewalk, which was seventeen feet wide, and was itself thirty-two inches in diameter. The cover was lying so that it extended about four inches beyond the manhole, leaving about twenty-eight inches of the latter exposed. A red flag was displayed upon a staff which was stuck in a hole in the manhole cover. An employee of the defendant was in the space beneath the sidewalk, another was kneeling upon the sidewalk about three feet from the manhole, and a third had been standing astride of the manhole, but just prior to the accident had stepped away about a foot or so from it. The plaintiff testified that he was walking in a southerly direction, intending to take a bus at the public square a short distance from the scene of the accident; it was Sunday morn-

ing, the weather was fair, and he noticed no other persons on the sidewalk; he looked in a store window, then started to walk toward the square, looked at the town hall clock and saw that it was twenty-seven minutes of nine, looked toward the square and saw that the bus was not there, took a newspaper out of his pocket and was just starting to read it when he felt himself going and fell into the manhole.

Not only was the evidence as to the physical situation uncontradicted, but the jury, in answer to interrogatories submitted by the court, found that the red flag was displayed over the cover of the manhole in close proximity to the hole, and that two of the defendant's employees were in its immediate vicinity, when the plaintiff fell. No other conclusion could reasonably be reached than that of the trial court that the plaintiff's conduct in failing to see what was directly in front of him upon the sidewalk constituted negligence which materially and essentially contributed to his injury. He had the right to assume that the sidewalk would be in reasonably safe condition for public travel and would contain no obstruction or pitfalls of the existence of which reasonable warning was not given. The open manhole constituted such a pitfall and the red flag upon the manhole cover constituted such a warning of its existence. It was a warning which the plaintiff could not have failed to observe if he had been reasonably watchful of his surroundings and of the way in which he was going, as it was his duty to be. *Seabridge* v. *Poli,* 98 Conn. 297, 301, 119 Atl. 214. He was required to act upon what he should have known as well as upon what he knew. *Hizam* v. *Blackman,* 103 Conn. 547, 551, 131 Atl. 415. A red flag displayed upon an obstruction to traffic upon a city sidewalk is as significant a warning of danger as a red signal light at a railroad crossing, and

the same duty to observe and heed it rests upon the pedestrian as upon one approaching the crossing. *Davis* v. *Margolis*, 107 Conn. 417, 140 Atl. 823. There was nothing in the conditions present as plaintiff approached this manhole guarded by the red flag which could furnish any possible excuse for his failure to see it. It is obvious from his own testimony, that as he approached it he was walking along quite oblivious to his surroundings. If he had seen the flag it would clearly have been his duty to have heeded the warning which it gave, and it was equally his duty to act upon a warning which he should have observed. "The failure of a person injured to act upon what he knew, or in the exercise of due care should have known, of a danger to which he is exposed, when there is nothing to prevent or excuse him from doing so, is negligence, as a matter of law, which will prevent his recovery." *Seabridge* v. *Poli, supra,* p. 304. The obvious failure of the plaintiff to exercise the degree of care required of him constituted negligence as a matter of law barring his right to recover.

There is no error.

In this opinion the other judges concurred.