CARRIE BELCHAK, ADMINISTRATRIX (ESTATE OF MICHAEL BELCHAK) *vs.* THE NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 5th—decided April 3d, 1935.

*J. J. O'Connell,* with whom was *William H. Kingston,* for the appellant (plaintiff).

*John H. Gardner, Jr.*, with whom, on the brief, was *Edward R. Brumley*, for the appellee (defendant).

MALTBIE, C. J. The plaintiff brought this action to recover damages resulting from the death of her intestate, who was killed as he was driving his automobile over a railroad crossing after dark, when it was struck by a freight car being pushed along the track by an engine of the defendant. The jury rendered a general verdict for the plaintiff, but in connection with it returned an interrogatory submitted to them, with their answer, as follows: "Was Defendant's employee, Thomas Quinn, on the crossing swinging a white lantern while Plaintiff's intestate, Michael Belchak, was approaching said crossing? Ans.—Yes." The defendant made a motion in which, in the first paragraph, it asked the court to set the general verdict aside and, in the second paragraph, that, in view of the jury's answer to the interrogatory, the court enter judgment in its favor, on the ground that the answer established contributory negligence on the part of the plaintiff's intestate. The trial court granted the second paragraph of the motion and entered judgment accordingly.

Since the decision in *Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn. 601, 612, 71 Atl. 901, the practice of submitting interrogatories to be answered by the jury and returned in connection with the general verdict has been recognized as a proper incident of jury trials in this State. The purpose of these interrogatories has been stated in that and subsequent cases to be to limit or explain the general verdict, to ascertain upon what grounds it rests, to afford a means of testing it and to aid in proceedings for subsequent review. *Bernier* v. *Woodstock Agricultural Society*, 88 Conn. 558, 562, 92 Atl. 160; *Longstean* v. *McCaffrey's Sons*, 95 Conn. 486, 499, 111 Atl. 836; *Canfield Rubber Co.* v.

*Leary,* 99 Conn. 40, 54, 121 Atl. 283. Thus interrogatories may serve to show upon which of two or more causes of action or defenses stated in a single count the jury have based their verdict. *Aronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872; *Worth* v. *Dunn,* 98 Conn. 51, 63, 118 Atl. 467; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 582, 136 Atl. 560. In *O'Brien* v. *Connecticut Co.,* 97 Conn. 419, 422, 117 Atl. 498, the jury had returned a verdict for the plaintiff which the defendant moved to set aside; it appeared from answers to interrogatories submitted to them that the injuries were not caused by the negligent conduct of the defendant alleged in the complaint; and we said: "The verdict returned by the jury demonstrated conclusively that, in spite of the instructions of the court, they had made a mistake in the application of legal principles. Hence it was necessary to set aside their verdict." So in *Martin* v. *Stamford Gas & Electric Co.,* 118 Conn. 319, 321, 172 Atl. 218, in reviewing the action of a trial court in setting aside a verdict, we based our decision in part upon the answers given by the jury to certain interrogatories which had been submitted to them. These decisions, being made upon motions to set verdicts aside, are not necessarily conclusive that under our law a judgment based upon the answers to interrogatories submitted to the jury might not under proper circumstances be entered in favor of a party against whom a general verdict has been rendered.

Such procedure has been quite generally adopted elsewhere. 64 C. J. 1177. In most states there are controlling statutes; Clementson, Special Verdicts, Appendix; but the practice has been recognized as existing at common law. *Victor-American Fuel Co.* v. *Peccarich,* 209 Fed. 568; *Walker* v. *New Mexico & Southern Pacific R. Co.,* 165 U. S. 593, 17 Sup. Ct. 421;

*Richardson* v. *Weare,* 62 N. H. 80; *Hogle* v. *Clark,* 46 Vt. 418, 424. The field in which this procedure operates, even where it is recognized, is narrow. To justify the entry of a judgment contrary to a general verdict upon the basis of answers to interrogatories, those answers must be such in themselves as conclusively to show that as matter of law judgment could only be rendered for the party against whom the general verdict was found; they must negative every reasonable hypothesis as to the situation provable under the issues made by the pleadings; and in determining that, the court may consider only the issues framed by the pleadings, the general verdict and the interrogatories, with the answers made to them, without resort to the evidence offered at the trial. *Devine* v. *Federal Life Ins. Co.,* 250 Ill. 203, 206, 95 N. E. 174; *Jeffersonville Mfg. Co.* v. *Holden,* 180 Ind. 301, 307, 102 N. E. 21; *State ex rel. Myles* v. *American Surety Co.,* 99 W. Va. 123, 128, 127 S. E. 919; 27 R. C. L. 880, 881; 64 C. J. 1179, 1182. Under our practice this would necessarily be so because we have no method by which the evidence offered at the trial could be brought upon the record to review the entry of such a judgment, and of necessity an appeal would lie from that judgment only for error apparent upon the face of the record. Practice Book, § 336.

Where an automobile is struck by a train while being driven over a railroad crossing at night, the fact that an employee of the railroad was "on the crossing swinging a white lantern" as the automobile approached does not in itself show that the operator was guilty of contributory negligence as matter of law. How wide was the street, how many tracks ran across it and how far was the distance over them? Where did the employee stand, in the center of the road or at one side, between the automobile and the tracks or beyond

them? Did he swing the lantern across the road or parallel with its direction? Were there obstructions to the view of the approaching driver? Indeed, one might ask, was the lantern lighted? These and other pertinent questions which might be suggested, indicate that an entirely reasonable hypothesis might be formulated within the scope of the pleadings and not inconsistent with the answer to the interrogatory, which would remove the question of negligent conduct on the part of the operator of the car from the field of law to that of fact and, despite that answer, justify the general verdict for the plaintiff. Even if we were to recognize as valid under our law the procedure adopted in this case, the record is not such that we could sustain the action of the trial court in entering judgment for the defendant.

The trial court in passing upon the motion took into consideration not merely the interrogatory, with the jury's answer to it, but also the facts in evidence as to which there was no dispute, and thus reached the conclusion that the plaintiff's decedent was guilty of contributory negligence as matter of law. In order fully to present to this court the issues of law raised by the record it was necessary to have all the evidence printed and it is before us. From this it appears that the facts necessary to determine the issues are established by the jury's answer to the interrogatory or by substantially undisputed evidence.

The answer to the interrogatory establishes the fact that as the plaintiff's decedent was approaching the crossing an employee of the defendant was upon it swinging a white lantern. In addition, undisputed evidence discloses the following situation: Wooster Street, upon which the plaintiff's decedent was proceeding in a northerly direction, begins at Howe Avenue about two hundred and fifty feet south

of the crossing. There are three tracks over the crossing; the two northerly ones are main line tracks and the southerly one is a track to a railroad yard and freight house; and the three cover a space of about thirty feet. The plaintiff's decedent turned from Howe Avenue into Wooster Street going at a rather slow speed. From a time soon after he had turned the corner until almost the moment of the collision, defendant's employee had been standing upon the crossing, between the two main line tracks, some twenty feet from the southerly rail of the track to the yard, and he was during this time swinging a white lantern, lighted, across the line of the street. There was nothing to prevent the plaintiff's decedent from seeing this light as he approached. He had lived and worked in the vicinity for some time and must have known of the railroad crossing. In statements made before his death, he said he saw no light and heard no signal of the approach of the train. He continued on toward the tracks. When he had almost reached them, defendant's employee, realizing that he was not going to stop, gave the engineer of the train a quick signal to stop, but it was too late to avoid the accident. From these facts, no other reasonable conclusion could be drawn than that plaintiff's decedent was negligent, either in failing to keep a proper outlook when he must have known that he was approaching a railroad crossing, or in failing to stop his automobile when he saw a lantern held by someone upon it and being swung across the highway. *Borglum* v. *New York, N. H. & H. R. Co.*, 90 Conn. 52, 55, 96 Atl. 174; *Martin* v. *Stamford Gas & Electric Co.*, 118 Conn. 319, 321, 172 Atl. 218. Nor was the situation one where the doctrine of supervening negligence could apply because the negligence of plaintiff's decedent continued as an

active force in the production of the collision down to the moment of its occurrence.

Upon the evidence the plaintiff as matter of law was not entitled to recover. To remand the case with direction to enter judgment upon the verdict would be obviously to work injustice. The trial court has inherent power to set aside the verdict, even though no motion has been made; *Munson* v. *Atwood,* 108 Conn. 285, 288, 142 Atl. 737; and, the plaintiff as matter of law not being entitled to recover, it is its duty to do so. The case should therefore be so remanded that the court may take such action.

The only other assignment of error which it would serve any purpose to notice is that the interrogatory was not one which the trial court should have submitted to the jury. Whatever might be our conclusion as to that, we cannot shut our eyes to the fact disclosed in the evidence which the appellant has herself brought before us, that she withdrew her objection to the interrogatory and consented that it might be submitted.

There is error, the judgment is set aside and the cause remanded to the Superior Court with direction to set the verdict aside.

In this opinion the other judges concurred.