EUGENE ANNUNZIATO *vs.* GU-TA, INC., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 8th—decided June 5th, 1935.

*Lorin W. Willis,* with whom was *James T. Patter-son, Jr.,* for the appellant (defendant).

*David Goldstein,* with whom was *George A. Saden,* and, on the brief, *John P. Flanagan,* for the appellee (plaintiff).

BANKS, J.  The named defendant was a tenant of the third floor of a building owned by the other defendant, Dora Levy, in the rear of which there was an elevator maintained for the use of the tenants of the second and third floors.  The plaintiff received injuries resulting from a fall into the open elevator shaft.  From a verdict in his favor for $4000 damages against both defendants, the named defendant alone appealed, alleging error in the denial of its motion to set aside the verdict, and in the charge of the court. The jury could reasonably have found the following facts:  The elevator in question was maintained and operated by the appellant jointly with the tenant of the second floor of the building.  It was operated by an electric motor, and switches controlling its operation were located near the elevator shaft on the second and third floors of the building.  It could not be operated from the ground floor nor by one riding on

it. There was no proper illumination in the neighborhood of the elevator shaft upon the third floor occupied by the appellant, nor was there any guard rail to protect persons from falling into the shaft. Complaint had been made by the plaintiff to the appellant that the elevator when left at its floor would slip downward and the appellant had promised to have it repaired. The plaintiff was a truckman, and with his brother came to the building about 8 p. m. to take and carry away two large trunks filled with merchandise manufactured by the appellant. The plaintiff helped his brother put one trunk on the elevator, let him down with the trunk and then brought the elevator back to the third floor landing. He then proceeded to get the second trunk, which was about twenty-five feet away from the elevator. The trunk weighed about five hundred pounds and the plaintiff started to drag it toward the elevator with his back toward the elevator shaft. When he was about fifteen feet from the shaft he looked back, and thinking he saw the elevator there, continued to drag the trunk until he fell backward into the shaft, the elevator in the meantime having descended to the ground floor.

That the jury might reasonably have found the appellant negligent appears not to be seriously questioned, but it is contended that the conduct of the plaintiff was such as to make him guilty of contributory negligence as a matter of law. This claim is based largely upon the plaintiff's admitted familiarity with the premises and with the manner in which the elevator was operated and its claimed defective condition. He had been to the appellant's premises for the same purpose practically every night for a year, was necessarily familiar with the hallway leading to the elevator shaft, knew that it was poorly lighted and that there was no guard rail to the elevator shaft. He also

knew how the elevator was operated and of its tendency to slip when the power was off. He had frequently complained about this, the last time only a day or two before his fall, and had been told that it would be fixed. He testified that when he came there the night of his fall he assumed it had been fixed though no one had told him so. The claim of the appellant is that the plaintiff failed to act upon his knowledge of the tendency of the elevator to slip, and that this was a failure to act upon a danger to which he knew that he was exposed, when there was nothing to prevent or excuse him from doing so, and was therefore negligence as a matter of law. *Seabridge* v. *Poli,* 98 Conn. 297, 304, 119 Atl. 214; *Martin* v. *Stamford Gas & Electric Co.,* 118 Conn. 319, 172 Atl. 218. It is at least questionable whether the plaintiff would have been justified in relying upon the assurance given him by the appellant a day or two before that the elevator would be fixed, and assuming that it had been fixed. But it does not necessarily appear from the evidence that he acted in sole reliance upon that assumption. His testimony was that when he had dragged the trunk to within fifteen feet of the elevator shaft he looked around and thought he saw the elevator at the landing. In the *Seabridge* and *Martin* cases the respective plaintiffs failed to see objects which were perfectly visible and which they could not have failed to see if they had made use of their senses and looked where they were going. Here the jury might have reasonably found that the plaintiff did look, and in the dim light thought he saw the elevator in place. Whether in view of his knowledge of the defective condition of the elevator reasonable care required him to make sure that such was the case is a question as to which reasoning minds might differ, and was therefore a question of fact for

the jury. *Werebeychick* v. *Morris Land & Development Co., Inc.,* 108 Conn. 226, 231, 142 Atl. 739.

The further claim is made that the amount of the verdict is excessive. Without discussing in detail the nature and extent of the plaintiff's injuries, it is sufficient to say that the sum awarded, while liberal, was not so clearly unwarranted as to justify inteference by the court.

The trial court charged the jury that if they found that the appellant's negligence "was a substantial factor in causing injuries sustained by the plaintiff, and the conduct of the plaintiff himself was only a contributing condition, without being a substantial factor in producing his injuries, then your verdict should be in favor of the plaintiff against the defendant Gu-Ta, Inc." The appellant takes exception to this portion of the charge, claiming that the court should have explained to the jury the distinction between conduct which would be merely a contributing condition of the plaintiff's injuries and that which would be a substantial factor in producing them. The court in an earlier portion of the charge had told the jury that the plaintiff, in order to recover, must "establish by a fair preponderance of the evidence that no act or omission of his materially contributed to or was a substantial factor in causing his injuries," and again that if the plaintiff was negligent and his negligence materially contributed to his fall and injuries their verdict must be in favor of the defendant. The incidental use of the phrase "contributing condition" in the portion of the charge to which exception is taken could not have misled the jury or been harmful to the appellant, especially in view of the specific instructions given in a later portion of the charge that if they found that the plaintiff backed into an open elevator shaft without reasonably looking to ascertain the position of the ele-

vator, he was guilty of contributory negligence as a matter of law and their verdict must be for the defendants.

In its charge the court stated that during the trial "certain statements" were presented and the plaintiff was examined upon them upon the claim that he had previously made statements out of court inconsistent with the evidence given by him, and the court told the jury that these statements were not introduced or admitted for the purpose of proving the truth of the matters contained in them. The appellant asserts that this reference was to certain signed statements of the plaintiff which were admitted in evidence and claims that these statements, being admissions of a party in interest, were admissible to prove the truth· of the matters contained therein. The finding, to which alone resort may be had to test the charge, affords us no information as to the character of the statements referred to in this portion of the charge or the rulings of the court with regard to them from which we can determine whether or not the statements were admitted for a limited purpose, as suggested in the charge and, if not, whether the reference to them in the charge was so prejudicial to the appellant as to constitute reversible error.

There is no error.

In this opinion the other judges concurred.