LORRAINE JACOBS *v.* THE CONNECTICUT COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and KING, Js.

Argued May 8—decided July 3, 1951

*William L. Beers,* with whom, on the brief, were *Nelson Harris* and *Charles G. Albom,* for the appellant (plaintiff).

*Thomas J. O'Sullivan,* with whom was *Edwin H. Hall,* for the appellee (defendant).

KING, J. The plaintiff sued for injuries claimed to have been sustained when she was struck by a northbound automobile driven by Oliver Lambert as she was crossing Temple Street in New Haven from west to east.

The plaintiff's claims of proof included the following: She was a passenger on the defendant's common car-

rier motor bus traveling easterly on Elm Street in New Haven. The bus made a right turn into Temple Street and stopped, facing south, on the west side of Temple Street. Thereupon the plaintiff alighted from the right rear door and, after stepping over to the curb on the west side of Temple Street, started to walk around the rear of the bus to cross to the easterly side of Temple Street. As she was crossing Temple Street she was struck by the Lambert car.

The plaintiff's claims of proof further indicated that at the time she was crossing Temple Street the overhead traffic light above the center of the intersection of Temple and Elm Streets was red for traffic on Temple Street. A claim of proof of the defendant was that at that time the color of the light was green for traffic on Temple Street.

Another of the plaintiff's claims placed her about sixty feet south of the crosswalk when she was struck. The finding discloses that the defendant claimed to have proved that the automobile which struck her made two skid marks, twenty-nine feet long, beginning twelve feet nine inches south of the south curb line of Elm Street and extending straight into the intersection; that there was a pool of blood at the northerly end of the right skid mark; and that the southerly crosswalk of Elm Street is seven feet four inches wide. Admittedly the car struck the plaintiff, and under the foregoing claims of proof the jury might have inferred that the point of impact was on the crosswalk or even farther within the intersection.

Especially in view of the plaintiff's injection into the case of the question of the color of the traffic light, the charge was not erroneous either in defining the term crosswalk under § 2516 of the General Statutes or in explaining the provisions of § 2519 (b) of the General Statutes as to the applicability of the light to the plain-

tiff's crossing if she was on the crosswalk and as to her duty to walk on the crosswalk within the intersection.

The plaintiff could not have been harmed by the comment of the court that it did not recollect any evidence that the plaintiff, when struck, was on the crosswalk or within the area of the intersection. Both sides claimed that the plaintiff at least started her crossing when she was over fifty feet south of the crosswalk. But the finding shows that the jury might have found that the plaintiff crossed, as stated above, on the crosswalk or even farther within the area of the intersection.

Since the verdict was general and might have been reached on a finding for the defendant on the issue of contributory negligence, there is no occasion for considering the other claims of error, none of which involve that issue. *Meglio* v. *Comeau*, 137 Conn. 551, 553, 79 A. 2d 187.

There is no error.

In this opinion the other judges concurred.