JACK WEINSTEIN v. NICK H. HALLAS ET AL.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 7—decided November 3, 1953

*Theodore I. Koskoff*, with whom were *Lester Blank* and, on the brief, *Raymond E. Blank,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellees (defendants).

WYNNE, J.   The plaintiff brought this action for personal injuries and damage to his automobile alleged to have been caused by the negligence of the defendant Nick H. Hallas.  The latter was the operator of a motor vehicle belonging to his wife, the other defendant.  The jury found the issues for the defendants and the court denied the motion to set aside the verdict.   From the judgment thereafter rendered the plaintiff appealed.

On the evidence the jury could have found the following facts:  Shortly after 5 o'clock in the afternoon of February 22, 1950, the plaintiff was driving easterly on the Merritt Parkway and Nick H. Hallas, hereinafter called the defendant, was driving westerly.  The road was very slippery, and ice from rain and sleet was forming on the windshields of both cars.  The plaintiff's car went out of control, mounted the esplanade dividing the traveled lanes, crossed the westbound lane and came to rest in a bank of snow on the north side of the highway with the rear portion projecting somewhat into the westbound lane

of traffic. A state police officer almost immediately arrived at the scene and began to direct westbound traffic around the protruding rear portion of the plaintiff's car, awaiting a safe opportunity to permit the plaintiff to move his car off the traveled lane and onto the esplanade. Within a matter of minutes at most, the defendant approached. Because his windshield was ice-coated, he could not see either the plaintiff's car or the officer and ran into the rear portion of the plaintiff's car. It had started to rain shortly before the accident. Ice had formed on the defendant's windshield and he was trying to find a place to park. He was not traveling too fast for existing conditions and was on the extreme right side of the road.

Ordinarily, if it appeared that a driver continued to drive his car at a time when he could not see ahead, of course it would be negligence as a matter of law. But there were facts in evidence from which the jury could have concluded that under the peculiar circumstances here the defendant was not negligent in so doing. The court did not err in denying the motion to set aside the verdict on the claim that the evidence proved conclusively that the defendant was guilty of negligence.

Counsel for the plaintiff also sought an instruction that the defendant was guilty of negligence as a matter of law. Upon the claims of proof it is clear that whether the defendant's conduct constituted negligence was a question of fact, as has already been pointed out, and in no sense was it negligence as a matter of law. *Kapilonuz* v. *Sundman,* 123 Conn. 214, 217, 193 A. 749; see *Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 716, 122 A. 717.

At the trial the court admitted evidence of the high speed at which the plaintiff was proceeding

prior to his loss of control over his car, in view of road and weather conditions and visibility, and, in spite of the plaintiff's claim that this conduct was too remote to enter into the operative cause of the accident, left it to the jury to determine whether the defendants had sustained their burden of proving contributory negligence. It is this action of the court and the subsequent charge treating the ultimate question as one for the jury that forms the basis of several of the plaintiff's assignments of error. The principle upon which the plaintiff's theory is based has expression in the case of *Kinderavich* v. *Palmer,* 127 Conn. 85, 95, 15 A.2d 83, where it is pointed out that if prior negligence has merely created a static condition, it may be that the negligence is too remote to be a proximate cause. The ruling on evidence and the charge in the present case, the result of which was to submit to the jury the question whether the plaintiff's negligence was too remote to be a contributory cause of the accident, did no violence to that principle.

Any hairsplitting distinction that might possibly be made in connection with the court's treatment of the issue of contributory negligence is of no moment in the light of the general verdict, which could well have been predicated on a finding that the defendant was not negligent. *Jacobs* v. *Connecticut Co.,* 138 Conn. 80, 82, 82 A.2d 151; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187.

There is no error.

In this opinion BALDWIN, INGLIS and QUINLAN, Js., concurred.

O'SULLIVAN, J. (concurring). I can concur in the result for reasons which need not be elaborated. I cannot, however, go along with the majority when

they say that the court was justified in refusing to charge that the defendant Nick H. Hallas was negligent as a matter of law. The charge is to be tested, not by the evidence, but by the claims of proof. Maltbie, Conn. App. Proc., p. 102, § 73. The claims of both parties, as stated in the finding, were in accord, strangely enough, on one matter. This was that the defendant, as he continued for a considerable period of time to drive along, could not see where he was or where he was going because of the presence of a thick coating of ice upon his windshield. The situation was not one where the ice made it difficult for him to see ahead; the ice made it impossible for him to do so. Furthermore, the defendant makes no claim that he tried to find out where he was going by putting his head out of the side window of the car.

To adopt the reasoning of the opinion is to extend far greater latitude to the conduct of an ordinarily prudent person than I am prepared to give. It seems almost elementary to say that anyone who, like this defendant, continues to operate a car without being able to see where he is or where he is going ought to be held negligent as a matter of law.