FRANK P. IPPOLITO *v.* ROY C. STAFFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued June 2—decided June 22, 1954

*William B. Hennessy,* for the appellant (plaintiff).

*David M. Reilly,* with whom was *David M. Reilly, Jr.,* for the appellee (defendant).

INGLIS, C. J. This action arose out of the collision of two automobiles in the late evening of March 3, 1951, near the intersection of Wolcott Street and Manor Avenue in Waterbury. The defendant had the verdict. From the judgment thereon the plaintiff has appealed, claiming error in the denial of his motion to set aside the verdict and in the charge.

The jury might reasonably have found the following facts: Wolcott Street runs in an easterly and westerly direction. It is intersected by Manor Avenue from the south only. As the intersection is approached from the west, Wolcott Street has a down grade. There is a stop sign on Manor Avenue. At the time of the accident, it was snowing and the pavements were slippery.

The defendant was operating his car in an easterly direction on Wolcott Street at a speed of about twenty-five miles an hour. The plaintiff was driving north on Manor Avenue with his wife as a passenger. He failed to stop at the stop sign and made a

left turn into Wolcott Street, cutting the corner. As the plaintiff made the turn, the defendant was only a short distance west of the intersection. The latter applied his brakes and veered sharply to his left. The cars collided near the center line of Wolcott Street a few feet west of the west boundary of the intersection, the left front of the defendant's car striking the side of the left front fender of the plaintiff's car.

Upon these facts the jury might reasonably have concluded that the defendant was not negligent or, if he was, that the plaintiff was guilty of contributory negligence in failing to stop at the stop sign and in failing to keep to his right of the center point of the intersection. Accordingly, the denial of the plaintiff's motion to set aside the verdict was proper.

Before discussing the claimed errors in the charge, we point out that the jury returned a general verdict. No interrogatories were propounded. In order that there may be a reversal, therefore, it must appear that the charge was erroneous as it related both to the subject of the defendant's negligence and to the subject of the plaintiff's contributory negligence. *Hasler* v. *T. H. Canty & Co.,* 138 Conn. 343, 346, 84 A.2d 577; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187. Accordingly, if we find no error in so much of the charge as related to contributory negligence, it will not be necessary to consider any of the claims of error in the instructions concerning the question of the defendant's negligence. We select the former for consideration because, inasmuch as in the companion case brought by the plaintiff's wife the same jury brought in a verdict for her, it is most likely that in the present case they rested their verdict for the defendant on

the ground of contributory negligence. Upon the evidence, there is no merit to the plaintiff's contention that the charge relating to the defendant's negligence might have some bearing on the question of contributory negligence because, if the jury found the defendant negligent, that might lead them to the conclusion that the plaintiff's negligence was not a proximate cause of the collision. If the plaintiff was negligent in failing to stop at the stop sign or in cutting the corner, the jury could not reasonably fail to find that his negligence was a proximate cause of the collision.

As bearing on the issue of contributory negligence the material claims of proof of the plaintiff were the following: As he approached the intersection, he stopped his car at the stop sign, looked in both directions along Wolcott Street and saw no traffic approaching. He then proceeded into Wolcott Street at a slow speed. As he entered the intersection, he observed the defendant's car coming over the brow of the hill about 600 feet to the west. He continued straight across Wolcott Street and turned left. He had proceeded on the northerly half of Wolcott Street to a point about thirty-two feet west of the west boundary of the intersection when his car was struck by that of the defendant.

The first assignment of error directed to the charge relating to contributory negligence is that the court refused a request to instruct the jury that the right of way statute applied, and if the plaintiff's car arrived first, stopped and went into Wolcott Street before the defendant arrived at the intersection, the plaintiff had the superior right of way and the defendant's failure to grant it was negligence as a matter of law. The court, after summarizing the provisions of the statute requiring a

driver to stop his vehicle at or near a stop sign, instructed the jury that "if an operator has brought his automobile to a full stop before entering an intersection as required by the statute which I have just explained to you, then he may proceed subject to the statute relating to the right of way at intersections." It then went on to explain at great length and accurately the provisions of the statute that determines the right of way at an intersection and to apply them to the claims of proof of both parties. In doing so, the court fully covered the request to charge in question.

The plaintiff criticizes the charge as given, so far as it relates to the issue of contributory negligence, in only three particulars. The first of these was the instruction that the presence of the stop sign on Manor Avenue required the plaintiff to stop either at a stop line or at the prolongation of the property line of Wolcott Street. The plaintiff's claim is that this was confusing to the jury. The second criticism is directed to the portion of the charge concerning the duty imposed by statute upon the plaintiff to pass to the right of the center point of the intersection. Because Wolcott Street was narrower east of the intersection than west of it, there was a question whether the center point was the intersection of the center line of Manor Avenue with the center line of Wolcott Street on the east, as that line was projected into the intersection, or with the center line of Wolcott Street on the west. The court left it to the jury to determine from their inspection of the map where the center point of the intersection was. In the third place, the plaintiff complains that the court charged: "As to Frank Ippolito, he cannot recover in this action if he essentially contributed to his own injury. Even if his negligence was only slight, if it material-

ly contributed to his injury, he is not entitled to a verdict." The basis of this complaint seems to be, first, the use of the phrase "only slight," and, second, that the court spoke of negligence which "materially contributed" to the injury rather than of negligence which was the proximate cause of it.

The plaintiff took no exception to any of the three portions of the charge just mentioned. For that reason, we are not bound to consider the assignments of error directed at them. Practice Book § 153. We are constrained to say, however, not only that the passages criticized by the plaintiff are free of error but also that the charge as a whole is exemplary.

There is no error.

In this opinion the other judges concurred.