FANNIE HIMMELSTEIN *v.* THE GENERAL ELECTRIC COMPANY ET AL.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

Argued June 6—decided June 18, 1957

*William J. Galvin, Jr.,* for the appellant (plaintiff).

*William P. Aspell,* with whom, on the brief, was *George Muir,* for the appellees (defendants).

KING, J.  The plaintiff alleged in her complaint that on May 28, 1952, after she had parked her car in a garage in the basement of a building known as 410 Asylum Street and as she stood talking to an attendant in the garage, she was struck and injured by a Ford sedan owned by the named defendant. The sedan was then being operated backward by the defendant Decker. The defendants conceded the issue of agency and, besides denying the material allegations of the complaint, affirmatively pleaded contributory negligence.

The assignments of error attack certain portions of the charge as given as well as the refusal of the

court to give certain of the plaintiff's requests to charge, to direct a verdict for the plaintiff on the issue of liability, and to set aside the verdict for the defendants. However, the basic claim of the plaintiff, raised in various ways during the trial, was that certain statements in the pretrial memorandum constituted judicial admissions which limited the issues in the case to a hearing in damages and, further, required that the plaintiff's special damages as listed in the pretrial memorandum be accepted as correct. This claim is entirely untenable. The court properly held that the pretrial memorandum was merely a statement of certain of the claims of the plaintiff and that nothing in it indicated that the defendants conceded the accuracy of any of those claims. The plaintiff made her contention as early, at least, as the reading of the complaint and then had notice of the construction which the court was placing on the pretrial memorandum. She did not request a continuance on the ground of misunderstanding or surprise but proceeded to offer evidence on the issue of liability.

One of the plaintiff's requests to charge was in substance given by the court. Another contained unjustified and argumentative factual claims and was properly refused. Practice Book § 153; Maltbie Conn. App. Proc. (2d Ed.) §§ 109, 110. At least four of her other requests to charge dealt solely with the issue of damages. Since the defendants had a verdict, there is no reason to consider what action the court took in charging, or refusing to charge, on that issue. Maltbie, op. cit., § 95. Four of the plaintiff's other requests to charge, unrelated to the issue of damages, were based on her erroneous construction of the pretrial memorandum, as was the sole exception to the charge as given.

The jury might have found the following: A ramp wide enough for but a single automobile provided the only means of vehicular passage between the street and the garage. The plaintiff regularly parked her car in this garage, which was in the same building as her law offices, and was familiar with the layout of the garage and ramp and with the custom and practice of the garage and its patrons as to the use of the ramp. Under this custom and practice, the operator of an outgoing car, if notified by the sounding of a horn or otherwise that an incoming car was approaching the ramp, would stop and back down the ramp, thus yielding it to the incoming car. The defendants' car, which was attempting to leave the garage, had been compelled to back down the ramp when the plaintiff drove in and again, shortly thereafter, at the approach of another incoming car. On this second occasion, the defendants' car came into contact with the plaintiff.

There was evidence from which the jury could find that the defendants had proved their defense of contributory negligence in that the plaintiff, with full knowledge of the custom and mode of passage between the garage and the street, had placed herself in a position of danger and had failed to use reasonable care in that she did not hear the horn of the incoming car which signaled the defendant driver to back down the ramp the second time and did not observe and hear the defendants' car as it backed down the ramp. It is therefore unnecessary to consider the issue of the defendants' actionable negligence. *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187; *Jacobs* v. *Connecticut Co.,* 138 Conn. 80, 82, 82 A.2d 151; *Weinstein* v. *Hallas,* 140 Conn. 387, 390, 100 A.2d 733. There was no error either in the refusal to direct a verdict for the plaintiff on the

issue of liability or in the refusal to set aside the defendants' verdict.

There is no error.

In this opinion the other judges concurred.