STEPHEN BEAL ET AL. *v.* MERRITT-CHAPMAN AND SCOTT CORPORATION

WYNNE, C. J., BALDWIN, DALY, KING and COVELLO, Js.

Argued January 9—decided January 21, 1958

*Charles Suisman,* with whom, on the brief, were *Max M. Shapiro* and *Louis C. Wool,* for the appellant (named plaintiff).

*Allyn L. Brown, Jr.,* for the appellant (plaintiff Liberty Mutual Insurance Company).

*J. Rodney Smith,* with whom, on the brief, was *John C. Dennis,* for the appellee (defendant).

KING, J. The named plaintiff, hereinafter referred to as the plaintiff, while employed as a night guard at the Groton plant of the Electric Boat Division of General Dynamics Corporation, hereinafter referred to as Electric Boat, sustained personal injuries by falling into an open trench which had been dug for water and sewer pipes serving a new building then being constructed by the defendant as contractor. The plaintiff received workmen's compensation, and the insurer intervened as a party plaintiff. The trench was a long one, about four and a half feet deep and about three feet wide at the bottom and five feet wide at the top. It had been open for from ten days to two weeks before the installation of the pipes, which had been begun during the week of April 24, 1953. The plaintiff worked on the third shift, which commenced at 11:45 p.m. and ended at 7:45 a.m. He reported for duty on April 27 at 11:40 p.m. and shortly thereafter fell into the trench.

Judgment was rendered for the defendant on two basic grounds: First, the plaintiff had failed to prove actionable negligence. Second, the defendant had proved contributory negligence. We need consider only the latter conclusion, since unless it can be overthrown the judgment must stand. *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187; *Jacobs* v. *Connecticut Co.,* 138 Conn. 80, 82, 82 A.2d 151; *Weinstein* v. *Hallas,* 140 Conn. 387, 390, 100 A.2d 733; *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 305, 114 A.2d 205.

It is unnecessary to discuss seriatim the plaintiff's attempts to change the finding. Unattacked subordinate facts in the finding included the following: The plaintiff mounted a pile of earth on the south side of the trench although the trench was visible from illumination in the general area and the two guards who came to the plaintiff's rescue observed the trench without the use of a flashlight. The plaintiff was equipped with a flashlight but made no use of it. The area in which the trench was located was, for security reasons growing out of Electric Boat's work on government contracts, not generally accessible except through a gate known as the Beitzel House gate. Sections of fence on either side of the gate had been taken down about April 1, 1953, in order to realign the gate and facilitate the delivery of materials to the construction area. During the period when it was impossible to close this opening, a guard was assigned to keep persons out, and on the night in question this guard was the plaintiff. He had previously been assigned to this area on April 15, 1953.

The above facts, without more, suffice to sustain the court's conclusion that the defendant had proved its special defense of contributory negligence in that the plaintiff negligently failed to use reasonable care,

under the circumstances, in walking over the excavated earth and into this large, open trench. The plaintiff places great reliance on cases such as *Annunziato* v. *Gu-Ta, Inc.*, 120 Conn. 114, 117, 179 A. 651; *Girard* v. *Kabatznick*, 128 Conn. 520, 525, 24 A.2d 257; and *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 589, 53 A.2d 296. In each of these cases a failure to find contributory negligence was held not erroneous. Here, the court found that there was contributory negligence. There is nothing in any of the cases cited which would require us to hold that the court was unwarranted in so doing on the facts in this case.

There is no error.

In this opinion the other judges concurred.