Nicola Marinelli et al. *v.* Joseph Cutarelli et al.

Appellate Division of the Circuit Court

File No. CV 5-612-232

Argued January 4—decided March 14, 1963

*Andrew D. Sabetta,* of Derby, for the appellants (plaintiffs).

*Gordon R. Raynor,* of Hamden, for the appellees (defendants).

RUBINOW, CHIEF JUDGE.   In this case, the plaintiffs are the owner-operator of a motor vehicle and a passenger therein; the defendants are the operator and the owner of another motor vehicle.   We shall refer to the plaintiff operator as the plaintiff and the defendant operator as the defendant.

Both vehicles were initially proceeding southerly on route 8 in Derby. The defendant, who was in back of the plaintiff, was traveling faster than the plaintiff and overtook him. As the defendant moved to the left to pass the plaintiff, the plaintiff's vehicle veered to the right, ran off the traveled portion of the road, and collided with a highway fence. The crucial issue presented by the evidence was whether, as the plaintiffs claimed, the defendant's vehicle struck the rear left of the plaintiff's vehicle, causing the plaintiff to lose control of the vehicle, or whether, as the defendants claimed, the plaintiff lost control of his vehicle because of a blowout and a defective steering mechanism. The jury rendered a verdict for the defendants, and the plaintiffs have appealed.

The plaintiffs moved that the verdict be set aside on two grounds, first, that the verdict was against the evidence, and second, that an interpreter rendered an "incompetent and inadequate interpretation." As to the first ground, there was ample evidence to support the defendant's claim concerning the blowout and the defective steering mechanism. As to the second ground, it would suffice to note that the record contains no finding of facts to enable us to test the court's ruling. Instead of referring to a finding, the assignment of error on this point merely makes a blanket reference to "the transcript of [the] witness's testimony in the record." In the absence of a finding setting forth, as a minimum, some instances of an alleged "incompetent and inadequate interpretation," we cannot determine whether the court abused its discretion in denying the motion. "Our practice requires that every instruction, every ruling on evidence, or in the course of the entire trial, shall be tested on appeal in the light of the facts appearing in the finding in relation to the instruction

or ruling." *Munson* v. *Atwood,* 108 Conn. 285, 290.

Nevertheless, in response to the plaintiffs' assignment of error, we have examined the portions of transcript relevant to this issue. Neither the preliminary ruling of the court, i.e. that the interpreter was qualified, nor any ruling during the course of the interpreter's testimony affords the plaintiffs any ground for a claim of error. The plaintiffs selected and offered the interpreter. By doing so, they impliedly asked the court to rule that the interpreter was competent. This the court did, after both parties had interrogated the interpreter. The plaintiffs cannot complain about this preliminary ruling, which they asked the court to make. *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 649; see *Thiede* v. *Utah Territory,* 159 U.S. 510, 519. Of course, such a preliminary ruling would not bar the plaintiffs from making a timely objection to the interpreter subsequently in the course of his testimony. *State* v. *Deslovers,* 40 R.I. 89, 115. No such objection was made, however, even though the interpreter's testimony was lengthy, covering sixty-seven typewritten pages of the transcript. This failure to object to the interpreter "distinctly . . . at the trial" leaves the record barren of any ruling for us to consider on this point. Practice Book § 409; Cir. Ct. Rule 7.51.1.

Two rulings by the court during the trial were also assigned as error. One of these—the court's ruling in allowing a substituted special defense to be filed—was abandoned during argument. The other—the court's ruling in admitting two photographs of the defendants' motor vehicle—was plainly within the court's discretion. The testimony preliminary to the admission of the photographs was to the effect that the photographs showed the

condition of the defendant's vehicle when it stopped, after the plaintiff's vehicle ran off the road. This was sufficient to warrant the court's admitting the photographs. *Cagianello* v. *Hartford,* 135 Conn. 473, 475. Once this foundation had been laid, alleged inaccuracies in the photographs were a proper subject for cross-examination, rebuttal testimony, or argument, but were not a basis for excluding the exhibits.

The remaining assignments of error attack the charge. We shall state such additional facts and claims of proof as are necessary to a discussion of these assignments. The plaintiffs take exception to the charge because, notwithstanding their requests, the court failed to charge with respect to three statutes, §§ 14-245, 14-232 and 14-224.[1] Section 14-245 was plainly inapplicable. Although the defendants' special defense of contributory negligence specified that the plaintiff failed to stop "before entering Route 8" and "failed to grant the right of way to the defendant's vehicle," the defendants' claims of proof contain nothing to support these allegations, and the claims of proof do not present this issue. The charge is tested by the claims of proof. *Sears* v. *Curtis,* 147 Conn. 311, 316. Furthermore, since the verdict was against both the plain-

---

[1] "Sec. 14-245. RIGHT OF WAY. Each driver of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right when such vehicles are arriving at such intersection at approximately the same time . . . ."

"Sec. 14-232. PASSING. . . . (1) the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle . . . ."

"Sec. 14-224. EVADING RESPONSIBILITY IN OPERATION OF MOTOR VEHICLES. RACING. (a) Each person operating a motor vehicle who is knowingly involved in an accident which causes injury . . . to any other person or injury or damage to property shall at once stop and render such assistance as may be needed . . . ."

tiff passenger, to whom the defense of contributory negligence was inapplicable, and the plaintiff operator, the verdict necessarily imports that the jury found no actionable negligence on the part of the defendant. Cf. *Ippolito* v. *Stafford,* 141 Conn. 372, 374. Because of that finding, any error in the charge concerning the special defense of contributory negligence would be without significance. See *Weinstein* v. *Hallas,* 140 Conn. 387, 390.

The request relating to § 14-232 was phrased as follows: "The Court is requested to charge the jury on § 14-232, the pertinent part of which reads as follows: '. . . (1) the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle . . . .' "

This type of request hinders rather than helps; it requires the court to guess about the instruction that counsel wants. A request so worded does not comply with § 153 of the Practice Book, which applies to Circuit Court cases by virtue of Circuit Court Rule 1.1.1. As stated in § 153, where a party intends "to claim the benefit of . . . any specific statute," the request must refer to "the legal principle involved." There must be "more than a mere reference to, or quotation of, the statute . . . . What is required is a request to charge 'on the legal principle involved.' This calls for a request explaining the meaning and interpretation of the statute in the light of the claims of proof in the case." *Lowell* v. *Daly,* 148 Conn. 266, 269. Where a request to charge fails to comply with § 153, an exception subsequent to the charge, claiming a failure to charge on a specific statute, does not cure the defect. *Lowell* v. *Daly,* supra, 271.

We do not, however, rest our decision on this point on a procedural consideration alone. In another part of the charge, the court stated, in compliance with a request of the plaintiffs: "I do charge you that the duty of a driver following another vehicle is to exercise reasonable care under the circumstances to avoid collision with the rear of the leading vehicle." Under the plaintiffs' claims of proof, the negligence of the defendant consisted in causing the right front bumper of the defendant's vehicle to collide with the left rear bumper of the plaintiff's vehicle. The charge given imposed upon the defendant the duty of using reasonable care to avoid such a collision so long as the defendant was "following" the plaintiff. Since, as noted above, the claimed areas of contact were the right front bumper of the defendant's vehicle with the left rear bumper of the plaintiff's vehicle, and since the defendant admittedly had been following the plaintiff, the charge given was adequate to establish the negligence of the defendant, if the jury found that the collision took place in the manner claimed by the plaintiffs. The charge given clearly followed the claims of proof and sufficiently protected the rights of the plaintiffs under those claims.

With respect to § 14-224, the plaintiffs claimed to be entitled to a charge on that section under the admission-by-flight principle. See *Grzys* v. *Connecticut Co.*, 123 Conn. 605, 609. The plaintiffs' claim of proof on this point was that the defendant stopped "100 feet or more beyond the point where it had passed the Marinelli car." There is no claim of proof that the defendant was "knowingly involved in an accident." See *State* v. *Humphrey*, 22 Conn. Sup. 317, 319. This omission is significant, especially since the plaintiffs' claims of proof state that the defendant denied colliding with the plaintiff. In the absence of a claim of proof that

the defendant was "knowingly involved" in an accident, there was no occasion to charge on § 14-224. Moreover, the fair import of the claim that the defendant stopped within "100 feet or more" is that the defendant stopped within approximately 100 feet. In view of the conditions then existing—a clear day with good visibility—stopping within that distance constituted compliance, as a matter of law, with the statutory requirement to stop "at once," especially since the defendant had to pass the plaintiff and return to the right-hand lane. The court acted properly in refusing to charge on § 14-224.

The plaintiffs assign error in the court's refusal to grant their request to charge on the issue of proximate cause. The court charged fully on the issue, in accordance with established principles. It is not error to refuse to grant a request if the subject of the request is adequately covered in the charge. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.*, 143 Conn. 468, 472. Although the plaintiffs excepted to the court's charge on the issue of proximate cause, the exception was based on the failure to charge "with respect to the requirement or non-requirement for contact between vehicles." Since the only negligence claimed by the plaintiffs in their claims of proof was the defendant's negligence in colliding with the plaintiff's vehicle, there was no occasion for the court to charge with respect to the matter mentioned in the exception.

The remaining assignment of error to be considered relates to the court's charge concerning the duty of the plaintiff to stop before he entered route 8. This charge should not have been given, since there were no claims of proof that the incident occurred within an intersection. The error was harmless, however, because the charge was given in connection with a discussion of one of the defendant's

specifications of contributory negligence; those specifications were immaterial to the outcome in view of the verdict against both plaintiffs. See *Weinstein* v. *Hallas*, 140 Conn. 387, 390.

There is no error.

In this opinion DiCenzo and Jacobs, Js., concurred.

